ARCHER *v.* STATE.

June 9, 1952.

No. 38393 (59 So. (2d) 339)

Grover C. Doggette, for appellant, cited and discussed the following:

Geo. H. Ethridge, Assistant Attorney General, for appellee.

**Kyle, J.**

The appellant, Richard Archer, was indicted, tried and convicted in the Circuit Court of the Second Judicial District of Jones County on a charge of having willfully and feloniously neglected to provide for the support and maintenance of his two minor children of the ages of ten and three years, respectively, leaving them in necessitous circumstances.

The State's proof consisted mainly of the testimony of Mrs. Otto Mann and Mrs. Gladys Yelverton, who resided in the Glade community only a short distance from the home of Mrs. Archer and the children. Mrs. Mann testified that the defendant left the home in which his wife and children resided during the month of March or April 1951, and that Mrs. Archer and the children were in actual need of food supplies thereafter; that Mrs. Archer, notwithstanding the fact that she was pregnant, obtained work thinning corn for the neighbors; and that after Mrs. Archer had let it be known that she had no groceries for herself and the children, the people in the neighborhood and the members of the Glade Baptist Church made a house to house canvass to collect groceries for them.

Mrs. Gladys Yelverton testified that Mrs. Archer thinned corn for her husband during the spring, and that Mrs. Archer stated to her that she and the children were in need of food and clothing. Mrs. Yelverton testified further that the neighbors furnished food and clothing for Mrs. Archer and the children, and that she and other people carried them groceries, including lard and meat. Mrs. Yelverton stated that she never saw the defendant bring anything out there for the children during that time. On cross examination she stated that the children did not suffer for lack of support and maintenance, because the neighbors and others helped them, but that she thought they would have suffered and gone hungry if the people had not helped them.

Mrs. Lorene Little, the county welfare agent, testified that she had visited the Archer home in March, after an application had been filed with the welfare department for assistance for Mrs. Archer and the children, and that she had found that the conditions in the home were very bad. The beds were badly worn, and there were no sheets on the beds; she did not see any food or groceries in the house; and one of the children "was ailing at the time." The welfare agent stated that during her investigation of the case she found that the defendant

was not at home and was not providing for his family; that the family was in need, and that the church was making donations of food for them. She visited the family again about May 1st, and found that the defendant was still away from home, and there was no indication at that time that the situation had improved. The welfare department had made an allowance for Mrs. Archer and the children in the sum of $19 per month.

Paul G. Swartzfager, the district attorney, who took no part as an attorney in the trial of the case, testified that the defendant stated to him in a conversation that he had with him a few days before the trial, that he did not support his wife and children for the reason that he had "got mad with his wife." Swartzfager also stated that the defendant told him that he had been working as a truck driver regularly and that he made from $40 to $60 a week.

The defendant offered no testimony in his own behalf and did not testify himself.

The first point argued by the appellant's attorney in his brief is that the court erred in overruling the defendant's demurrer to the indictment. ▇▇ ▇ The defendant demurred to the indictment on the ground (1) that the indictment charged no crime against him, and (2) that the indictment alleged that the offense was committed on May 21, 19—, and that Section 2087, Code of 1942, was not in effect at that time, and that the indictment showed on its face that prosecution for the alleged offense was barred by the statute of limitations. The record shows that during the argument on the demurrer the State asked permission to amend the indictment by inserting the year therein. The court sustained the State's motion to amend the indictment, and the figures "51" were inserted after the figures "19" in the indictment so as to show the date of the alleged crime as "the 21st day of May 1951." The court then overruled the demurrer to the indictment.

In support of his argument that the court erred in overruling the demurrer to the indictment, the appellant's attorney cites the case of Hodnett v. State, 66 Miss. 26, 5 So. 518. But it is clear from the facts stated in the opinion of the Court in that case that the question decided in that case was entirely different from the question presented in the demurrer filed in this case.

There was no error in the court's action in overruling the demurrer to the indictment. Section 2451, Code of 1942.

The next point argued by the appellant's attorney is that the court erred in refusing to grant the defendant's request for a peremptory instruction for a directed verdict of not guilty, and in support of this contention the appellant's attorney says that the proof failed to show that the children were left in necessitous circumstances. ██ ██ The appellant's attorney argues that in view of the fact that the proof showed that the necessitous circumstances of the children were relieved by their neighbors and church organizations and the county welfare department, the appellant was entitled to be acquitted of the crime charged against him. But this point was decided adversely to appellant's contention in the case of Myrick v. State, 212 Miss. 702, 55 So. (2d) 426, 429, in which this Court quoted with approval the rule stated in 39 Am. Jur.—Parent and Child, p. 775, Par. 112, as follows: "The rule in the majority of jurisdictions, under statutes designed to protect children from the violation of parental obligations owed them, as distinguished from statutes designed merely to prevent the child from becoming a public burden, is that criminal liability for an act or omission which in other respects constitutes an offense under the statute cannot be avoided merely because the child's necessities are relieved or because it is kept from pauperism by the interposition of others, as where it receives support or is kept from actual destitution and want by the efforts of the other parent,

the charity of strangers, friends, or relatives, or the bounty of a charitable institution.''

There was no error in the court's refusal to grant the peremptory instruction requested by the defendant; and the testimony in our opinion was sufficient to justify the verdict of the jury.

There is no merit in the appellant's contention that venue was not properly proved.

The last point argued by the appellant's attorney is that the prosecuting attorney made highly prejudicial statements to the jury in his closing argument. We do not think that the statements complained of were of such nature as to prejudice the minds of the jury in arriving at its verdict, or as to justify a reversal of the judgment of the lower court.

The judgment of the lower court is therefore affirmed. Affirmed.

**McGehee, C. J.**, and **Alexander, Hall** and **Holmes, JJ.**, concur.