246 So.2d 543 (1971)
James Henry SHELBY
v.
STATE of Mississippi.
No. 46328.
Supreme Court of Mississippi.
March 29, 1971.
Rehearing Denied April 19, 1971.
Fountain D. Dawson, Greenville, for appellant.
A.F. Summer, Atty. Gen. by Timmie Hancock, Sp. Asst. Atty. Gen., Jackson, for appellee.
BRADY, Justice:
This is an appeal from the Circuit Court of Bolivar County, Mississippi, wherein the appellant was tried and found guilty of the charge of grand larceny and was sentenced *544 to a term of four years in the Mississippi State Penitentiary. From that verdict this appeal is taken.
On February 27, 1970, the Defenbaugh Finance Company, Inc., a Mississippi corporation doing business in Cleveland, Mississippi, had $125 in cash taken from its money box. The appellant was in the office of the finance company on this date to pay a $28 note owed the finance company by his then girl friend, Thelma Mason. Mrs. Barbara Mahan, who was the only employee on duty at the Defenbaugh Finance Company during the noon hour, testified that when the appellant attempted to make the payment she could not find the necessary payment card. In an effort to locate the card, she went into one of the back offices and on her return to the front office she heard the cash drawer rattle. The cash was located in a drawer at a pay window. Mrs. Mahan testified that the sound was unmistakably the sound of the cash drawer being closed and that she noticed that the stacks of bills in the drawer had diminished in number. She questioned the appellant as to his name, as to whether he had a loan, where he lived and, finally, if he had taken any of the money. He said his name was "Henry Williams," and after stating that he had not bothered the cash drawer he left the office.
Mrs. Mahan then counted the currency and ascertained that $90 was missing. She then attempted to contact her co-workers who had left for lunch and, upon being unsuccessful, she contacted her husband who in turn notified the police. The money was counted again and it was ascertained that $125 was missing, the difference being some money which had been placed in an envelope which was due the bank. After a lengthy police investigation, it was ascertained that the appellant and alias Henry Williams were one and the same person. The appellant was arrested and placed in jail.
Upon the execution of a bond the appellant was released from jail. The appellant, with his son, went to the city hall to obtain his personal articles which had been stored there by the police department. While there, the appellant was contacted by Mr. Charles Mosley, the Chief of Police of Cleveland, Mississippi, who asked the appellant if he wanted to talk about the case. The appellant consented and in the presence of two other police officers, Louis Fucci and James Barrentine, the appellant was advised of his constitutional rights, which also were shown to him in printed form. He signed a waiver of these rights. After a discussion, Chief Mosley wrote down in longhand the appellant's confession, which was then typewritten and read to the appellant and given to the appellant in order that he could read it and approve or disapprove it, and the appellant signed the confession. It is admitted in the appellant's confession that the appellant had reached across the finance company's pay counter, through the pay window, and grabbed a handful of five dollar bills while Mrs. Mahan had gone into the other room in order to get Thelma Mason's receipt card.
The issues were submitted to a jury which returned a verdict of guilty. The appellant was sentenced to four years in the Mississippi State Penitentiary, and from that verdict and judgment this appeal is taken.
The appellant assigns as error:
1. That the appellant's demurrer to the indictment was improperly denied since the indictment was fatally defective under the laws of Mississippi and under the United States Constitution.
2. That the conviction should be reversed and a new trial granted since the appellant's incriminating statement was admitted at the trial and such statement was obtained in violation of the appellant's fifth, sixth and fourteenth amendment rights under the United States Constitution.
*545 It appears that the indictment upon which the appellant was charged contained the date of February 28, 1970, rather than February 27, 1970. It further appears that the appellant is urging as an error the fact that the lower court allowed the state to amend the indictment to read February 27, 1970.
It is well settled in this state, as was noted by the learned circuit judge, that a change in the indictment is permissible if it does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case. Mississippi Code 1942 Ann. § 2451 (1956); Byrd v. State, 228 So.2d 874 (Miss. 1969); Moffett v. State, 223 Miss. 276, 78 So.2d 142 (1955); and Archer v. State, 214 Miss. 742, 59 So.2d 339 (1952).
For these reasons the appellant's first assignment of error is not well taken. The proof is practically undisputed that the appellant was advised of his constitutional rights prior to any conversation with him by Chief of Police Mosley about the stolen money. It is also clearly shown that the appellant knowingly and voluntarily waived his constitutional right to remain silent or to have the benefit of his attorney's presence.
Appellant's second assignment, that his attorney should have been notified and been present at the interrogation, is refuted by the case of Coughlan v. United States, 391 F.2d 371 (9th Cir.1968), certiorari denied 393 U.S. 870, 89 S.Ct. 159, 21 L.Ed.2d 139 (1968) (which case incidentally is cited by both appellant and appellee), in which a majority of the Court held that where police officers knew that the defendant was represented by counsel and failed to give the defendant's counsel notice of an intended interview of the defendant, this inaction did not thereby require the rejection of any statements made by the accused under a violation of the right to counsel, where the defendant voluntarily and knowingly waived the right to have his attorney present. It should be noted, however, that the Court pointed out that: "The better, fairer and safer practice is to afford the defendant's attorney reasonable opportunity to be present." (391 F.2d at 372.) Nevertheless, it still held that this was not reversible error. Appellant was free and unrestricted to go where he desired to go. He could have walked out of the city hall at any time or remained. He could have remained silent or talked. He elected to remain and talk, after being fully advised of his constitutional rights. It follows, therefore, that the appellant has likewise failed to establish this assignment of error.
For the reasons heretofore stated, the judgment of the circuit court is affirmed.
Affirmed.
ETHRIDGE, C.J., and RODGERS, INZER and HARPER, JJ., concur.