604 So.2d 258 (1992)
John E. BAINE a/k/a "Red" Baine
v.
STATE of Mississippi.
No. 89-KA-1179.
Supreme Court of Mississippi.
June 10, 1992.
*259 Thomas H. Pearson, Cheryl Ann Webster, Clarksdale, for appellant.
Michael C. Moore, Atty. Gen., Pat S. Flynn, Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and McRAE, JJ.
McRAE, Justice, for the Court:
This is an appeal from the Circuit Court for the Second Judicial District of Panola County on a change of venue from Coahoma County. John E. Baine, a/k/a "Red" Baine, was indicted under Miss. Code Ann. § 97-5-23 for sexually molesting three children who attended his wife's day care center. The charges were severed, and Baine was convicted in separate trials of touching two of the victims for lustful purposes. The instant case came to trial on June 27, 1989. The jury found Baine guilty, and the lower court sentenced him to eight (8) years in custody of the Mississippi Department of Corrections, said sentence to be served concurrently with the sentences imposed in Cause No. 7350, Counts I and II, Coahoma County Circuit Court, and Case No. 7351, Count III, Coahoma County Circuit Court, and Case No. 4088 on the docket of the Circuit Court, Second Judicial District, Panola County. On appeal, Baine assigns the following as error:
I. THE TRIAL COURT ERRED IN ALLOWING THE STATE TO PROCEED TO TRIAL ON A VOID INDICTMENT.
II. THE TRIAL COURT ERRED IN ALLOWING THE JURY TO CONSIDER EVIDENCE OF OTHER CRIMES AGAINST THE APPELLANT THEREBY VIOLATING THE APPELLANT'S RIGHTS TO A FAIR AND IMPARTIAL TRIAL GUARANTEED UNDER THE FEDERAL AND STATE CONSTITUTIONS.
III. THE TRIAL COURT ERRED IN ALLOWING THE JURY TO CONSIDER TESTIMONY FROM WITNESSES IN VIOLATION OF MRE 615 AND THUS VIOLATED THE APPELLANTS RIGHT TO A FAIR AND IMPARTIAL TRIAL GUARANTEED UNDER THE FEDERAL AND STATE CONSTITUTIONS.
IV. THE TRIAL COURT ERRED IN ALLOWING THE STATE TO PROCEED TO TRIAL IN VIOLATION OF THE 270 DAY RULE.
We affirm.

FACTS
Appellant Baine and his wife operated a day care center in Clarksdale, Mississippi known as the Baine Day Care Center. In the Spring of 1986, seven-year-old L.E.[1] began to attend the center. L.E. testified that in the months following June of 1986, Baine would often place his hands under her clothing and touch her breast and vaginal areas. L.E. stopped attending the center in February of 1988. Two other children who attended the day care center testified as eye witnesses to corroborate L.E.'s account. Baine categorically denied the accusations.

LAW

I. WHETHER BAINE WAS IMPROPERLY CONVICTED UPON A VOID INDICTMENT?
Baine argues that since his indictment originally included acts committed *260 outside the statutory limitations period, the charge was invalid. Prior to a 1990 amendment, Miss. Code Ann. § 99-1-5 required that child sexual molestation charges be prosecuted within two years. Baine's indictment was issued on June 21, 1988 and charged the following:
COUNT III.
That JOHN E. Baine, a/k/a "Red" Baine ... between April 1, 1986, and January 30, 1988 ... did unlawfully, wilfully and feloniously, for the purpose of gratifying his lust or indulging his depraved licentious sexual desires, did handle, touch or rub with his hands the breast area and the private parts of [L.E.], a female child under the age of fourteen (14) years, and he, the said JOHN E. BAINE, was over the age of eighteen (18) years.
Approximately 3 months of the time span indicated in the indictment, the period from April 1, 1986 to June 21, 1986, falls outside the statute of limitations. Recognizing the infirmity, the state moved on March 13, 1989, to amend the indictment "by deleting and omitting the words and figures `April 1, 1986' and adding in its place instead `June 22, 1986.'" The court granted leave to amend.
Baine maintains that the trial court erred in allowing the amendment. Under the terms of the original indictment, he contends, the alleged crime was fully performed on April 1, 1986. Subsequent alleged molestations occurring between April 1988 and January of the following year were merely "successive" acts. According to his argument, therefore, the crime charged under the original indictment fell entirely outside the limitations period; the amendment, in effect, converted an indictment charging an non-prosecutable offense into a one subject to prosecution.
Baine cites Hatton v. State, 92 Miss. 651, 46 So. 708 (1908), a case wherein a defendant had been charged with the seduction of a female under the age of eighteen and of previously chaste character. The seduction occurred on June 15, 1905, and repeated acts of intercourse occurred between then and December, 1906. The defendant was indicted on September 7, 1907. This Court reversed the defendant's conviction, holding that the two-year statute of limitations barred the state from prosecuting the crime. The Court reasoned that
while it is true that after the original seduction there were successive acts of coition up to December 1906, still each successive act was not a separate offense of seduction. In Norton v. State, 72 Miss. [128], on page 136, 16 South. [264], on page 267 [1894] ... the court, through Whitfield, J., now Chief Justice, announces what we regard as the only sensible rule in these words: "She who is, at the time of the alleged seduction, already unchaste, may be still further debauched, but not seduced." This is the true rule. Rapes may be perpetrated in multiples, but there can never be but one seduction ... by the same man of the same woman.
Hatton, 92 Miss. at 653, 46 So. 708.
Hatton obviously does not support Baine's argument. Unlike seduction, child sexual abuse is not a crime which occurs once and for all. More akin to rape, acts of child molestation "may be perpetrated in multiples." To accept Baine's reasoning would mean that a person could furtively molest a child for two years and then continue to do so with impunity, having no fear of legal sanction. Clearly, the indictment charged a continuous course of criminal conduct and not merely a series of successive acts stemming from an original crime. See Shelton v. State, 445 So.2d 844, 848 (Miss. 1984) (child abuse occurring over long period of time is "an ongoing continuing and purposeful course of criminal conduct") (quoting Aldridge v. State, 398 So.2d 1308, 1312 (Miss. 1981).
Baine also argues that the amendment was one of substance and not mere form. This Court has often held that trial court have no authority to grant substantive amendments to indictments. See, e.g., Monk v. State, 532 So.2d 592 (Miss. 1988); State v. Allen, 505 So.2d 1024 (Miss. 1987); *261 Harden v. State, 465 So.2d 321 (Miss. 1985). Unless time is an essential element or factor in the crime, however, an amendment to change the date on which the offense occurred is one of form only. According to Wilson v. State, 515 So.2d 1181 (Miss. 1987):
An indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment or on an impossible day, or on a day that never happened.
Id., 515 So.2d at 1182; see also Norman v. State, 385 So.2d 1298 (Miss. 1980) (state allowed to amend to show proper month crime committed); Archer v. State, 214 Miss. 742, 59 So.2d 339 (1952) (state allowed to amend indictment to show year offense was committed).
In addition, Rule 2.05(5) of the Uniform Criminal Rules of Circuit Court Practice expressly state that "[f]ailure to state the correct date shall not render the indictment insufficient."
Baine's indictment was not void, and the trial court did not err in allowing the state to amend it.

II. WHETHER THE TRIAL COURT DEPRIVED THE APPELLANT OF HIS RIGHT TO A FAIR AND IMPARTIAL TRIAL BY ALLOWING THE JURY TO CONSIDER EVIDENCE OF OTHER CRIMES?
At Baine's trial, the jury heard testimony from L.E., the victim. The prosecution instructed the child prior to her testimony to tell only what happened to her, not what happened to other children. Nevertheless, the victim made several references to what Baine did to "us." She also stated that Baine would "feel down our pants and up under our shirts" and that "we just usually said to stop; that it hurts." Later, while questioning the mother of another child who attended the day care center, the prosecution asked: "Did you ever observe anything maybe unusual with reference to your child or [L.E.]?" The defense objected, and the trial court sustained the objection.
The defense thrice approached the bench to move for a mistrial upon the victim's use of plural pronouns. The court denied the motions and refused to admonish the jury on grounds that an admonition would simply call the jury's attention to the matter.
"The general rule in Mississippi is that in criminal trials, with certain exceptions, proof of other criminal conduct by the accused is inadmissible." Darby v. State, 538 So.2d 1168, 1173 (Miss. 1989). MRE Rule 404(b) outlines the exceptions:
Evidence of other crimes, wrongs, or acts is ... admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
The Court in Darby also noted that "[p]roof of another crime is admissible where the offense charged and that offered to be proved are so connected as to constitute one transaction." Expounding on the same theme, the Court in McFee v. State, 511 So.2d 130, 136 (Miss. 1987) stated that
evidence of a defendant's other crimes is admissible, where it is integrally related in time, place, and fact to that for which he stands trial, thereby permitting the State to tell a rational and coherent story of what happened to the victim.
The Court in McFee based its holding on Neal v. State, 451 So.2d 743 (Miss.), cert. denied, 469 U.S. 1098, 105 S.Ct. 607, 83 L.Ed.2d 716 (1984), a case where we Court upheld a murder conviction despite trial testimony which revealed that the defendant had contemporaneously killed or raped three other victims. The Court in Neal held as follows:
[E]vidence of defendant's crimes against Bobby Neal and Melanie Sue Polk were admissible because they were integrally related in time, place, and fact with the murder of Amanda Joy. See, e.g., Johnson v. State, 416 So.2d 383, 387 (Miss. 1982), wherein we held that evidence of burglary and attempted rape were admissible in a capital murder prosecution *262 where defendant was charged with the killing of a police officer as distinguished from felony murder.
We are concerned here with the State's legitimate interest in telling a rational and coherent story of what happened to Amanda Joy Neal. What happened to Bobby Neal and Melanie Sue Polk is integrally intertwined with what happened to Amanda Joy. There was no error in the trial court's allowing this evidence to be presented to the jury.
Neal, 451 So.2d at 759.
The exception noted in Neal, McFee, and Darby applies with equal force in the instant case. Baine's actions toward other children were "integrally related in time, place, and fact" to the molestation of L.E. The child obviously did not attend the day care center alone. According to her testimony, she was often in the company of other children when Baine molested her. Baine's conduct toward other children who were present is rationally related to and integrally intertwined with the crime charged in the case sub judice. The general rule excluding evidence of other crimes is thus inapplicable.
Even if the witness' use of plural pronouns did not fall within an exception to the general rule, however, the testimony would still not require reversal. MRE Rule 103 states that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." In Davis v. State, 568 So.2d 277, 279 (Miss. 1990), this Court held that a witness' pluralization of the word "indictment" was "an isolated, inadvertent reference to other crimes which should be deemed without substantial prejudice to the right of appellant to a fair trial." Similarly, in Branch v. State, 347 So.2d 957 (Miss. 1977), a rape victim testified that she had attended a lineup in order "for us to identify which one we thought was the suspect." Id. at 959 (emphasis added). This Court refused to view the plural pronoun as grounds for reversal and observed:
Ordinarily, when we have reversed cases because of inflammatory testimony, we have noted a pattern of prosecutorial misconduct as well as clear prejudice to the defendant. see, e.g., Tudor v. State, 299 So.2d 682, 685-86 (Miss. 1974). Here, the witness' remarks were totally inadvertent and we find no indication that they could have prejudiced the defendant.
Branch, 347 So.2d at 959.
As in Branch, the record now before the Court contains no indication that L.E.'s use of plural pronouns prejudiced the defense. As the trial court wisely noted, calling attention to the matter would have merely highlighted the testimony in the minds of the jurors. Further, the testimony did not arise from prosecutorial misconduct, particularly since the prosecution actively sought to forestall its occurrence. Since the testimony did not abridge a substantial right of the defendant, the error arising from its admission, if any, was harmless.
The assignment of error is without merit.

III. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE JURY TO CONSIDER TESTIMONY FROM PERSONS WHO HEARD OTHER WITNESSES TESTIFY IN BAINE'S PREVIOUS TRIALS?
Prior to the trial in the instant case, Baine had been convicted in separate trials on two severed counts. The Rule was invoked in each trial, but the witnesses apparently were permitted to remain in the courtroom after they had been finally excused. Some of these witnesses testified in the trial below. Baine argues that the trial court erred in permitting witnesses to testify who had heard evidence in previous trials of related crimes.
Baine was able to muster no caselaw to support his proposition that a sequestration order applies in trials subsequent to the one in which it is entered. This Court has never addressed the question. Cases are plentiful in other jurisdictions, however, wherein witnesses were allowed to testify in subsequent related trials despite sequestration orders in earlier trials. See, e.g., State v. Harrell, 67 N.C. App. 57, 64, 312 S.E.2d 230, 236 (N.C. Ct. App. 1984); State v. Jackson, 265 S.C. 278, 217 S.E.2d 794, 795 *263 (1975); State v. Tropiano, 158 Conn. 412, 262 A.2d 147 (1969), cert. denied, 398 U.S. 949, 90 S.Ct. 1866, 26 L.Ed.2d 288 (1970). Where witnesses testify for the state concerning essentially the same matters in two successive trials, the defendant is able to detect intervening collusion and tailoring of testimony by comparing the second testimony with the first. Applying this rationale, courts have found that trial courts may properly refuse to sequester witnesses who have told their stories in previous trials. See Commonwealth v. Davis, 363 Pa.Super. 562, 581, 526 A.2d 1205, 1215 (Penn.Sup.Ct. 1987), app. denied, 518 Pa. 624, 541 A.2d 1135 (1988); Jackson, 217 S.E.2d at 795; Commonwealth v. Yount, 455 Pa. 303, 318, 314 A.2d 242, 250 (1974).
In the instant case, Baine had the opportunity to cross-examine the repeat witnesses and could have pointed out discrepancies had any existed. There is nothing in the record to suggest that these witnesses altered their testimony as a result of what they heard at Baine's prior trials. Even if the prosecution did violate the sequestration rule by putting on witnesses who attended Baine's other trials, the error is harmless since the appellant has demonstrated no resulting prejudice. See Douglas v. State, 525 So.2d 1312, 1319 (Miss. 1988) (sequestration rule violation was harmless where defendant suffered no unfair prejudice); Bullock v. State, 391 So.2d 601, 607 (Miss. 1980) (where witnesses discussed testimony prior to trial, admission of testimony was not erroneous where record indicated no prejudice to defendant), cert. denied, 452 U.S. 931, 101 S.Ct. 3068, 69 L.Ed.2d 432 (1981). In any event, application of the sequestration rule is a matter residing within the trial court's discretion. Davis v. State, 472 So.2d 428 (Miss. 1985); Bell v. State, 443 So.2d 16 (Miss. 1983); Bullock, 391 So.2d at 607. Nothing here suggests that the lower court abused its discretion by allowing these witnesses to testify. The assignment of error has no merit.

IV. WHETHER BAINE WAS TRIED IN VIOLATION OF THE 270 DAY RULE?
According to Miss. Code Ann. § 99-17-1, a criminal defendant must be tried within 270 days of his arraignment unless "good cause be shown." The trial below occurred 347 days after Baine's arraignment. The following sequence of events led up to the trial:

 DELAY
 FOLLOWING CUM.
 EVENT DAYS
 DATE EVENT (IN DAYS) ELAPSED
---------------------------------------------------------------------------
7/11/88 defendant moves for severance ___ ___
7/15/88 arraignment ___ ___
7/22/88 court grants severance 7 7
7/25/88 trial and conviction on first count 3 10
7/27/88 defendant moves to change venue for 2 12
 second trial
9/1/88 court grants change of venue for second 36 48
 trial
9/6/88 defendant convicted at second trial 5 53
11/10/88 defendant receives notice setting instant 65 118
 case for trial
12/12/88 defendant moves for change of venue in 32 150
 instant case
12/27/88 order setting instant case for trial on 15 165
 1/30/89
1/?/89 order orally granting change of venue
 for instant case
4/20/89 order designating venue for instant 114 279
 case
4/25/89 defendant moves to dismiss for violation 5 284
 of 270 Day Rule

*264
 DELAY
 FOLLOWING CUM.
 EVENT DAYS
 DATE EVENT (IN DAYS) ELAPSED
---------------------------------------------------------------------------
5/19/89 order overruling motion to dismiss 24 308
6/27/89 trial of instant case 39 347
---------------------------------------------------------------------------

As a survey of the above chart clearly reveals, every delay was prompted by the defendant. The first count came to trial on July 25, 1988, just ten days after Baine's arraignment, but trial of the other counts was postponed pursuant to Baine's motion to sever. Further delay resulted from Baine's insistence that the second trial be relocated. After Baine's second trial was held, the trial court set the instant case for trial on January 30, 1989, a date falling less than 170 days after the defendant's arraignment. Baine's subsequent motion for change of venue forced the court to scrap the January 30, 1989 trial date and schedule the trial for a date more than 270 days after the arraignment. Delays attributable to the defendant are not counted for purposes of the 270 Day Rule. See Corley v. State, 584 So.2d 769, 771 (Miss. 1991); Flores v. State, 574 So.2d 1314, 1319 (Miss. 1990).
Baine contends that since he moved for a change of venue in December of 1988, and since the 270th day from his indictment did not occur until April 11, 1989, then the court could have tried him within 270 days of arraignment had it not chosen to first try another defendant who was arraigned after Baine. As the state points out, however, the other case to which Baine refers was assigned to another trial judge and had no bearing on the instant case.
Since none of the delays are attributable to the state, Baine's speedy trial claim must fail.

CONCLUSION
None of Baine's assignments of error merit reversal. First, the trial court properly allowed the prosecution to amend the indictment since the change was one of mere form and not substance. Second, the trial court did not err in refusing to grant a mistrial upon the prosecutrix's use of plural personal pronouns in describing what Baine did. Since the defendant's conduct toward other children at the day care center was integrally related in time, place and fact to his conduct toward the prosecutrix, evidence of his other crimes or bad acts was admissible. Third, the trial court did not abuse its discretion in allowing witnesses to testify who had testified at Baine's prior trials and thereafter remained in the courtroom to hear the testimony of other witnesses. The defense had the opportunity to cross-examine these witnesses concerning their prior testimony, and the record does not indicate that the witnesses altered their testimony as a result of attending the previous trials. Fourth, Baine's trial did not violate the 270-Day Rule since all delays are attributable to the defendant. Finding no reversible error, we affirm Baine's conviction and sentence.
CONVICTION FOR TOUCHING A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF EIGHT (8) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, SAID SENTENCE TO RUN CONCURRENTLY WITH SENTENCES IMPOSED IN CAUSE NO. 7350, COUNTS I AND II, COAHOMA COUNTY CIRCUIT COURT, AND CASE NO. 7351, COUNT III, COAHOMA COUNTY CIRCUIT COURT, AND CASE NO. 4088, CIRCUIT COURT, SECOND JUDICIAL DISTRICT, PANOLA COUNTY, AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
NOTES
[1] The prosecutrix's name has been disguised.