KING, P.J.,
dissenting:
¶ 20.1, respectfully dissent from the majority opinion.
¶21. The defendant objected to testimony regarding his alleged fondling of Allison, while being tried for fondling Jennifer. The majority holds that this testimony was admissible under Baine v. State, 604 So.2d 258 (Miss.1992).
¶ 22. In general terms the majority suggests that these were related matters and that testimony regarding both was necessary for the State to present “a rational and coherent story of what happened to the victim.”
¶ 23. The failing in that suggestion is that the State had previously presented “a rational and coherent story of what happened to the victim,” without this information.
¶ 24. Under these circumstances the State’s only purpose in the introduction of this matter was to place prejudicial character information before the jury. The value of this information was clearly outweighed by its prejudicial value.
¶ 25. For these reasons, I would reverse and remand.
BRIDGES AND COLEMAN, JJ., JOIN THIS OPINION.