IN THE SUPREME COURT OF MISSISSIPPI
NO. 2000-KA-00825-SCT

*LEE "BOO" MOORE*

*v.*

*STATE OF MISSISSIPPI*


| | |
|---|---|
| DATE OF JUDGMENT: | 05/02/2000 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDWARD DUDLEY LANCASTER |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | JAMES M. HOOD, III |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/17/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/7/2001 |

**BEFORE BANKS, P.J., SMITH AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. Lee "Boo" Moore was convicted of feloniously, knowingly and intentionally, without authority of law, selling and transferring a controlled substance (25.43 grams of cocaine) in violation of Miss. Code Ann. § 41-29-139(a). He was sentenced to 15 years in the custody of the Mississippi Department of Corrections, with 7 years suspended and 8 to serve. He was also placed on 5 years' post-release supervision.

## FACTS

¶2. On September 18, 1997, Henry Brown, a Mississippi Bureau of Narcotics officer, was working undercover in Chickasaw County, Mississippi, with Willie C. McMillan, a confidential informant. During a pre-buy meeting with Brown and three other Bureau agents, McMillan was wired with a tape recorder and a transmitter and given $1000 cash to make a buy. Followed at all times by the three Bureau agents, Brown and McMillan went to "Mom's Apple Pie Club," a nightclub in Okolona, Mississippi, where they met Lee "Boo" Moore. They left the nightclub with Moore and drove around Okolona until they found Eldridge "Sweet Man" Blanchard, whom they followed to an apartment complex. When Blanchard stopped, Moore got out of the car and talked with Blanchard. Moore returned and told Brown that Blanchard did not have any crack cocaine, but he had some powder. Brown told Moore to get the powder. Moore spoke with Blanchard and then gave Brown and McMillan directions to "Skip's Place," another nightclub. Brown and McMillan went to Skip's Place, and after four or five minutes, Blanchard arrived. An unidentified person approached Blanchard's car and then gave Moore some powder cocaine. Moore returned to Brown,

obtained the $1000 cash and gave it to Blanchard. Moore, Brown and McMillan then left. The substance obtained from Blanchard was later determined to be cocaine.

## ANALYSIS

### I. WAS MOORE'S RIGHT TO A FAIR TRIAL VIOLATED BY SUBSTANTIVELY AMENDING THE INDICTMENT?

¶3. The indictment originally stated that the drug transaction occurred "on or about the 9th day of September, 1997." At trial, the proof showed that the transaction actually occurred on September 18, 1997. Moore claims that he was prejudiced by the amendment of the date on the indictment because, had he been properly informed of the correct date of the alleged criminal activity, he "might have" been able to provide an alibi defense. The State points out, however, that all of the discovery engaged in by the parties and all of the police reports showed that the date in question was September 18 and that Moore cannot claim surprise. When Moore moved to quash the indictment, the circuit court ruled that the amendment to the date was not a substantive matter.

¶4. Moore claims prejudice because he could have *possibly* provided an alibi defense if he had known the indictment had been amended, but he does not present any such concrete evidence of an alibi such as names of witnesses and the substance of their testimony.

¶5. We have, on many occasions, upheld cases where amendments have been made to indictments to change the date of the offense charged. *See, e.g., **Kincaid v. State**,* 711 So. 2d 873, 877 (Miss. 1998); ***Eakes v. State***, 665 So. 2d 852, 860 (Miss. 1995); ***Baine v. State***, 604 So. 2d 258, 260-61 (Miss. 1992); ***Norman v. State***, 385 So. 2d 1298, 1301 (Miss. 1980). Therefore, this issue is without merit.

### II. WAS MOORE'S RIGHT TO A FAIR TRIAL VIOLATED BY PROSECUTORIAL MISCONDUCT DURING CLOSING ARGUMENT?

¶6. Moore claims that certain comments made by the State during closing argument were prejudicial to him. He cites the following statements: (1) "Mr. Lancaster (defense counsel) stated that he didn't believe this defendant committed this crime. Well, he's paid to say that." (2) "Do you think if he was defending the fellow do you think he would get up here and tell you he did it?" and (3) "I'm sure I should have asked some questions that you wished I could have. Under the Rules of Law that was all we were able to do." The record shows that the defense made general objections to these comments which were overruled.

¶7. Moore presents no legal argument and has cited no authority in support of his claims. "[I]ssues unsupported and not argued are abandoned and need not be considered." ***Thibodeaux v. State***, 652 So. 2d 153, 155 (Miss. 1995).

¶8. However, in an abundance of caution, we have reviewed the record with respect to the prosecutorial misconduct claim and find that these comments did not unduly prejudice Moore or infect the jury with bias or passion. There was overwhelming evidence of Moore's guilt. Not only were Moore's actions witnessed by a confidential informant, a law enforcement officer was present at all times. Moreover, three other law enforcement officers were following Moore and watching his movements. Because of the overwhelming proof, we cannot say that the jury was infected with bias, prejudice or passion as a result of the prosecutor's remarks.

## CONCLUSION

¶9. Because Moore has failed to show prejudice due to the errors as to the date of the crime in the indictment and has failed to show any conduct of the prosecutor which would rise to reversible misconduct, we affirm Moore's conviction and sentence.

¶10. **CONVICTION OF FELONIOUSLY, KNOWINGLY AND INTENTIONALLY, WITHOUT AUTHORITY OF LAW, SELLING AND TRANSFERRING A CONTROLLED SUBSTANCE (25.43 GRAMS OF COCAINE), IN VIOLATION OF MISS. CODE ANN. § 41-29-139(a), AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH SEVEN (7) YEARS SUSPENDED AND EIGHT (8) TO SERVE, AND PLACEMENT ON FIVE (5) YEARS POST-RELEASE SUPERVISION, WITH CONDITIONS AND PAYMENT OF ALL FEES AND COSTS, AFFIRMED.**

> **PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, MILLS, COBB, DIAZ AND EASLEY, JJ., CONCUR.**