# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-00735-COA

MICHAEL R. SPEARS A/K/A MICHAEL SPEARS

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/09/2018 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE McMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN HAVRILLA McCLINTON |
| DISTRICT ATTORNEY: | ANTHONY J. BUCKLEY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/15/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., TINDELL AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     A Jones County Grand Jury indicted Michael Spears for two counts of sexual battery in violation of Mississippi Code Annotated section 97-3-95 (Rev. 2014). On March 7, 2018, the trial jury returned a guilty verdict on both counts. At a separate sentencing hearing on March 8, 2018, the trial court set aside Spears's conviction on Count I. Regarding Count II, the trial court sentenced Spears to seventeen years in the custody of the Mississippi Department of Corrections (MDOC) with four years suspended and thirteen years to serve, without eligibility for parole. Spears now appeals his conviction and sentence in Count II,

claiming that the indictment was defective and that the trial court erred in allowing the State to amend the indictment prior to trial. We find no error and affirm Spears's conviction and sentence.

**FACTS**

¶2. Michael Spears lived with his wife Jennifer Spears and two of her children, VR and MS, until Spears and Jennifer separated in 2015.[1] VR was not Spears's biological child. VR suffered from a mental disability and was enrolled in special education classes while in grade school. VR also received disability benefits. In October 2016, VR disclosed to a friend that Spears had sex with her against her will. Jennifer found out and reported the abuse to the Jones County Sheriff's Department on January 5, 2017. Following an investigation, Spears was indicted on two counts of sexual battery. At issue in this appeal is the language of Count II of the indictment, which reads as follows:

> Michael R. Spears (D.O.B. [1970]) [a] male person over 18 years old, at the time of said offense . . . . **Count II:** Sexual Battery: as part of a common plan or scheme or as part of the same transaction or occurrence in said County, District[,] and State, between 2007 and 2011 A.D., did willfully, unlawfully[,] and feloniously engage in sexual penetration as defined in MCA Section 97-3-97 with V.R. (D.O.B. [1992]), a female vulnerable person between the ages of 13-19 by having sexual intercourse with V.R. against her will at the time when the said defendant, Michael R. Spears, was 24 or more months older than the child, and having occupied a position of trust or authority over the child, being her step father; in violation of Section 97-3-95, Mississippi Code 1972, and contrary to the form of the statute in such cases made and provided against the peace and dignity of the State of Mississippi.

---

[1] Because both children were minors at the time of the abuse against VR, we protect their identities with the use of these initials.

2

¶3.     The State filed a motion to amend the indictment on March 5, 2017.  The amendment changed VR's age range at the time of the assault from between thirteen and nineteen to between thirteen and seventeen years old.  At the pretrial hearing on the motion to amend, the defense "debated on whether or not to object."  The defense argued that if the amendment was allowed, Spears was "entitled to know who made the decision to make those date changes."  The trial court granted the motion and found the change was not substantive.  The trial judge reasoned:

> I don't think it really – we're talking about an alteration of any date when [the crime] occurred.  And I realize the State's position that, with a lot of these cases, especially a case that allegedly involves this type of charge, that the child may not have recorded exact date of events and it's hard to specify exactly what day it occurred.  But because the State has the additional burden of proving that this was without her consent under Subsection 1(a) of 7-3-95, I'm going to allow the amendment.

The defense never objected to the amended indictment, except as set forth above, and never raised the issue about the drafting of the indictment that is raised here.  At the jury instruction conference, the defense specifically had "no objection to using the [S]tate's instruction" that tracked the language of the amended indictment.

¶4.     When VR testified at trial, she told the jury that she "considered Michael Spears [to be her dad]."  VR claimed her stepfather sexually assaulted her on two separate occasions.[2]  The second time VR was allegedly assaulted, she came into Spears's bedroom after she

---

[2] The first instance of abuse was used at trial to support Count I of the indictment. Because the trial court set aside the jury's guilty verdict on Count I, this Court will only discuss Count II of the indictment, which is at issue in this appeal.

found something of Jennifer's. VR said the door was shut but unlocked, and she came into the bedroom when Spears said to. She then placed what belonged to her mother in the bedroom closet. Spears made her sit on the bed. At that point, MS came home. Spears instructed MS to go into the living room, watch a movie, and shut the bedroom door on her way out. Once the door was shut, Spears took off VR's clothing, got on top of her, and proceeded to have sex with her. VR testified that she "didn't want [to have sex with Spears]." Spears instructed VR to "[not] tell anyone," and especially to "[not] tell Mom." VR claimed she was seventeen when her stepfather had sex with her.

¶5.     VR initially did not say anything about the assault because "[she] was scared [for her] life. And [she] was scared if [she] told anyone it would happen again." VR disclosed the abuse to her friend Linda Simpson while she was at Linda's home. Jennifer found out the same day and immediately confronted her husband. Spears admitted the encounter occurred but maintained that the sex between he and VR was consensual.

¶6.     Spears testified that VR had touched him inappropriately or acted inappropriately before the alleged assault VR claimed happened when she was seventeen. Spears told the jury that when VR was fourteen, she came into his bedroom after she had showered. Spears testified that VR took off her towel and got into bed with him. Spears responded by shaking VR and telling Jennifer about what happened. Spears then recounted a second time when VR was inappropriate. Spears claimed that when VR was sixteen, he was asleep on the couch when VR took his hand and put it down her pants. Finally, Spears alleged that when VR was

4

nineteen, she attempted to grab his penis while in the swimming pool with him. He explained at trial that nothing sexual ever happened between him and VR during these alleged occurrences and that they only had sex once.

¶7. Spears admitted that he had sex with VR, however his version of events differed from VR's testimony. Spears claimed that VR walked in on him while he was masturbating. VR then went and put a movie on for MS and came back into the bedroom. Spears maintained that VR then took off her shorts, sat on the bed, and spread her legs. The trial transcript indicates that he asked VR, "[A]re we really going to do this?" VR responded, "[Y]es." Both Spears and VR testified that this was the only time they had sexual intercourse. Spears, however, claimed that this event happened in June 2015 when VR would have been twenty-three.

¶8. The jury found Spears guilty on both counts of sexual battery, but this appeal only addresses Count II, as Count I was set aside. The trial court sentenced Spears to seventeen years with four years suspended and thirteen years to serve. Spears now appeals and claims that the indictment was defective on its face and that the trial court erred by allowing the State to amend the indictment before trial.

**STANDARD OF REVIEW**

¶9. It is well settled law that a question concerning the effectiveness of an indictment is a question of law that should be reviewed de novo. *Payton v. State*, 41 So. 3d 717, 717 (¶11) (Miss. Ct. App. 2009) (citing *Graham v. State*, 967 So. 2d 670, 673 (¶8) (Miss. Ct. App.

5

2007)). An indictment is valid if it contains "the essential elements of the crime with which the accused is charged." *Id*. (citing *Belk v. State*, 8 So. 3d 272, 274 (¶9) (Miss. Ct. App. 2009)).

**ANALYSIS**

¶10. Spears raises two issues on appeal, both of which deal with the indictment. First, Spears alleges that his indictment failed to put him on notice of what the State intended to prove, which left him unable to properly defend himself. Second, Spears alleges error because the State was allowed to amend the indictment prior to trial.

> I. *Whether the trial court erred by not dismissing the indictment sua sponte.*

¶11. Spears claims that because the indictment merged, in one form or another, each of the various subsections set forth in Mississippi Code Annotated section 97-3-95, he was unable to properly defend himself against the crime charged. At the time Spears was indicted, Rule 7.06 of the Uniform Rules of Circuit and County Court Practice governed indictments and their requirements:

> The indictment upon which the defendant is to be tried shall be a plain, concise[,] and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them. An indictment shall also include the following:
>
> 1. The name of the accused;
>
> 2. The date on which the indictment was filed in court;

6

3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;

4. The county and judicial district in which the indictment is brought;

5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;

6. The signature of the foreman of the grand jury issuing it; and

7. The words "against the peace and dignity of the state."

Each and every technical requirement set forth in Rule 7.06 is present in Spears's indictment. As a result, there was no error in the form of the indictment against Spears. *State v. Hawkins*, 145 So. 3d 636, 639 (¶6) (Miss. 2014) (citing *Carroll v. State*, 755 So. 2d 483, 487 (¶11) (Miss. Ct. App. 1999)).

¶12. We now, however, must address the substance of the indictment as well since the Rule further provides that the indictment must state "a plain, concise[,] and definite written statement of the essential facts constituting the offense charged" and "fully notify the defendant of the nature and cause of the accusations" he faces. URCCC 7.06. This provision does not mean that the language of the indictment must be directly taken from the statute. In fact, "[a]lthough use of the statutory language is generally sufficient, using the exact language from the statute is not necessary if the words used have substantially the same meaning and the indictment is specific enough to give the defendant notices of the charge against [them]." *Hawkins*, 145 So. 3d at 640 (¶8). The Mississippi Supreme Court has repeatedly held that "[s]o long as a fair reading of the indictment, taken as a whole, clearly

7

describes the nature and causes of the charge against the accused, the indictment is legally sufficient." *Id*. at (¶9) (citing *Berry v. State*, 996 So. 2d 782, 787 (¶24) (Miss. 2008)). This Court's consideration of the indictment is contingent, in part, on whether or not "the defendant was prejudiced in preparation of his defense." *Id*. (quoting *Medina v. State*, 688 So. 2d 727, 730 (Miss. 1996)).

¶13. Spears argues that he was prejudiced in his defense because the indictment failed to provide him sufficient notice under which subsection of Mississippi Code Annotated section 97-3-95 he was charged. The Mississippi Supreme Court has held that "subsections are not mutually exclusive, and the [S]tate is not required to distinguish the subsections in every indictment so long as the indictment is sufficient to inform the defendant of the claims against him or her." *Hawkins*, 145 So. 3d at 642 (¶16). This Court has also held "it is not necessary for the indictment to specify a particular subsection of a statute where the subsections provide several variations of the crime." *Id*. at (¶21); *accord Shields v. State*, 130 So. 3d 160, 162 (¶12) (Miss. Ct. App. 2014).

¶14. Before an analysis of the issues presented to this Court can be accomplished, we must first look to the actual wording of section 97-3-95, which reads as follows:

> (1) A person is guilty of sexual battery if he or she engages in sexual penetration with:
>
> (a) Another person without his or her consent;
>
> (b) A mentally defective, mentally incapacitated or physically helpless person;

      (c)      A child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child; or

      (d)      A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.

     (2)      A person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of eighteen (18) years if the person is in a position of trust or authority over the child, including without limitation the child's teacher, counselor, physician, psychiatrist, psychologist, minister, priest, physical therapist, chiropractor, legal guardian, parent, stepparent, aunt, uncle, scout leader or coach.

¶15. The typical practice is for the grand jury to indict the defendant for violating each particular subsection and include in those counts just the essential elements for that particular subsection. Here, Spears's indictment essentially merged all of the subsections into one count.[3] Spears claims the indictment's inartful drafting prejudiced him. But, upon closer analysis, he actually received the benefits of this merger. Instead of simply being charged, as the facts showed, with having sex with VR "against her will," the State added extra burdens to its case at trial to prove each subsection set forth in the indictment. While the indictment added facts not necessary to convict Spears under section 97-3-95(1)(a), the

---

[3] While one subsection was sufficient to properly charge Spears, the State chose to merge all of the subsections into one count. Further, the jury instructions tracked the language of the indictment and included, as required, proof for each additional subsection the State put in Count II of the indictment. "As an appellate court, we must assume that juries follow the instructions of the trial court." *Cobb v. State*, 734 So. 2d 180, 181 (¶4) (Miss. Ct. App. 1999). Therefore, this Court must assume that the jury found evidence of the extra subsections the State chose to include in the indictment when it returned the jury verdict of guilty.

language of the indictment tracks the language of the statute as a whole that the State alleged Spears violated.[4]

¶16. The indictment charged Spears with "having sexual intercourse with VR against her will," satisfying the statutory language in Mississippi Code Annotated section 97-3-95(1)(a).[5] This language was included in the jury instructions, and the jury heard testimony from the victim that the sexual intercourse was against her will. That, standing alone without the other elements merged in, would have been sufficient to convict Spears. The State, however, inexplicably added additional subsections and thereby increased the required proof necessary to convict Spears of sexual battery "against her will." We note that the additional subsections were within the elements instruction given to the jury, thereby guaranteeing the jury found that which was alleged by the State in the indictment.

¶17. In addition to having sex with VR "against her will," the indictment also alleged that the victim was a "vulnerable person," as prohibited in subsection 97-3-95(1)(b). There was

---

[4] Section 97-3-95(1)(a) reads "without consent." While most indictments for that offense safely used the words that are actually in the statute, here, the State put the words "against her will," which, without doubt, mean the same thing. For purposes of this opinion, we will use the words in the indictment to facilitate an easier understanding of the issues in this case.

[5] Spears raises in his brief that he would have argued that the statute of limitations had run on a claim under section 97-3-95(1)(a) if he was properly notified that the indictment charged that portion of the statute. "[S]tatutes of limitation are affirmative defenses that can be waived if not raised." *Courtney v. State*, 2017-KA-01267-SCT, 2019 WL 1949826, at *3 (¶12) (Miss. May 2, 2019) (citing *Conerly v. State*, 607 So. 2d 1153, 1158 (¶17) (Miss. 1992)). Because Spears never raised the statute of limitations issue in the trial court through a motion, it is waived.

ample proof that the victim in this case was a vulnerable person, and the jury was instructed in the elements instruction to make that finding of fact. Again, if the jury found Spears had sex with VR against her will, then that alone was sufficient under our law to convict Spears. This additional element did not make the indictment defective. Rather, it only served to increase the burden of proof the State placed upon itself.

¶18. The indictment also gave notice that the State sought to prove that the assault happened when VR was between the ages of thirteen and seventeen when "Michael R. Spears was twenty-four-or-more months older than the child." This surplusage language presents more problems than the "vulnerable child" language addressed above. Why the State put a victim's age range from thirteen to seventeen, when such age range has no legal effect in a non-consensual sexual assault, is unclear. Further, there is not a subsection that directly creates a prohibited act when the victim is "between the ages of thirteen and seventeen." The statute has three sections dealing with the victim's age. Section 97-3-95(1)(c) prohibits sexual penetration when the victim is fourteen years old but under sixteen years old and the offender is thirty-six-or-more months older than the victim. Second, subsection 97-3-95(1)(d) prohibits sexual penetration when the victim is under the age of fourteen and the offender is twenty-four months older than the victim. Third, subsection 97-3-95(2) prohibits sexual penetration where the victim is under the age of eighteen and the perpetrator is in a position of trust or authority. The indictment did allege that Spears was in "a position of trust or authority over the child, being her stepfather." When that subsection

11

is alleged, the State must prove the victim was under the age of eighteen. The victim testified she was seventeen at the time Spears had sex with her against her will. Therefore, the State did meet its burden of proof under subsection 97-3-95(2) as the jury was instructed, and the evidence showed that Spears was VR's stepfather.

¶19. The self-created age category of thirteen to seventeen would be insufficient if the indictment was alleging criminal conduct under either section 97-3-95(1)(c) or (d). But that is not the case here. It is clear from the testimony and evidence offered, along with a plain reading of the indictment, that the allegation was Spears sexually penetrated VR against her will. Had it been what is commonly referred to as a "(1)(c)" or a "(1)(d)," the indictment would be legally defective. But since the allegation of "against her will" was clearly set forth in the indictment and in the jury instructions along with the self-created age category of "between the age of thirteen and seventeen," that language can be considered surplusage. But since the State included it in the indictment, the State carried the burden of proving that self-created age category. That language was placed in the elements instruction given to the jury, and there was sufficient testimony by the victim that the touching and sex occurred during that period of her life. Because the indictment gave Spears clear and adequate notice of the charges he faced at trial and inured to his benefit by demanding more proof than any single subsection, we find that this issue is without merit.

II. *Whether the trial court erred in granting the motion to amend the indictment before trial.*

¶20. Spears's final argument raises whether the trial court improperly granted the State's

12

motion to amend the indictment on the morning of trial. Spears claims that changing the maximum age VR would have been at the time of the assault to seventeen, instead of nineteen, was one of substance and not of form. Trial courts are not empowered "to grant substantial amendments to indictments." *Baine v. State*, 604 So. 2d 258, 260 (Miss. 1992). Amendments involving a change in date, however, are merely changes in form and not substance, "[u]nless time is an essential element or factor in the crime . . . ." *Id*. at 261. Our supreme court has specifically held:

> An indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment or on an impossible day, or on a day that never happened.

*Id*. (quoting *Wilson v. State*, 515 So. 2d 1181, 1182 (Miss. 1987)).

¶21. Spears cites Rule 14.4(a) of the Mississippi Rules of Criminal Procedure and argues that an amendment "may be allowed only if a defendant is afforded a fair opportunity to present a defense and is not unfairly surprised." To understand whether or not the defense would suffer prejudice, this Court must consider whether or not the defenses available to Spears before the indictment was amended would still be available after the trial court granted the motion to amend. *Montgomery v. State*, 891 So. 2d 179, 186 (¶23) (Miss. 2004).

¶22. We find the case of *Yarbrough v. State* instructive. In *Yarbrough*, this Court found that the removal of the word "serious" from an indictment of aggravated assault did not materially alter the facts or change the face of the indictment. 996 So. 2d 804, 808 (¶16)

13

(Miss. Ct. App. 2008). There we found that "[t]he amendment simply changed the extent of the injuries suffered by [the victim]." *Id*. at 808 (¶16). That amendment, made on the day of trial, did not change Yarbrough's defense and we found that the defense would have been the exact same "whether the indictment contained the word serious or not." *Id*. "An indictment may be amended without action of the grand jury if the amendment is one of form and not of substance." *Goodin v. State*, 977 So. 2d 338, 340-41 (¶11) (Miss. 2008) (citing *Spann v. State*, 771 So. 2d 883, 898 (¶44) (Miss. 2000)).

¶23.    The record before us indicates that Spears's defense would have been the exact same whether the indictment capped VR's age at nineteen or seventeen. Spears's defense was twofold: one, that he had sex with VR when she was twenty-three. The jury heard his testimony and VR's testimony as to the date of the sex, and, as the trier of fact, obviously found VR's testimony to be truthful. Spears was not prevented in any form or fashion from presenting his defense due to the amendment of the indictment. Two, he claimed that the sex with VR was consensual. VR, however, testified that the sex was not consensual. Again, the jury heard the conflicting testimony and as the trier of fact found the sex was non-consensual. Simply put, the amendment changed the maximum age of the victim for a category of age that is irrelevant if alleging sex without consent.

¶24.    Spears directs our attention to the holding in *Rhymes v. State,* 638 So. 2d 1270, 1276 (Miss. 1994), where the supreme court reversed a conviction of sexual battery because the indictment was amended to change the age of the victim. Rhymes was charged "with sexual

14

battery of a female under the age of fourteen years under Miss. Code Ann. § 97-3-65(1) (1972)." *Rhymes,* 683 So. 2d at 1272. The indictment was amended on the day of trial to change "under fourteen years" to "over fourteen years." *Id.* The trial court determined the amendment was one of form, not of substance, and Rhymes was convicted. *Id.* The supreme court held that the amendment was substantive because "[h]is defense that [the woman] was not under 14 years of age but 26 years old at the time would have required the jury to return a verdict of acquittal." *Id.* at 1276.

¶25. Rhymes's original indictment charged him with sexual battery of a female under fourteen years old. Once the indictment was amended, however, the defense available to Rhymes—that the victim was actually twenty-six and therefore over the age of fourteen—was no longer available at trial. But here the scenario is different. Every defense Spears claimed at trial and has argued on appeal (that the statute of limitations period had lapsed, that the indictment failed to inform him of the crime for which he was charged, and that the sex with VR was consensual) could have been asserted at trial regardless of the amendment. In fact, Spears advocated his innocence on the claim that VR was twenty-three when they had sex and that the sex was consensual. Again, whether the maximum age on the indictment was changed to seventeen or not, Spears was still afforded the opportunity to argue VR was twenty-three and that the sex was consensual. These facts vastly differ from those in *Rhymes*, where Rhymes was stripped of his entire defense because of the amendment. *Rhymes*, 638 So. 2d at 1276.

15

¶26. Because any defense that Spears had was available before and after the amendment to the indictment was made, this Court finds that the trial court did not err by ordering the indictment to be amended. The amendment was a change in form, not substance.

## CONCLUSION

¶27. The indictment that charged Spears with two counts of sexual battery was valid and in accordance with the laws of this State. The indictment not only tracked the statutory language of Mississippi Code Annotated section 97-3-95 but also followed Rule 7.06 of the Uniform Rules of Circuit and County Court Practice in regard to form. Accordingly, the trial court did not err in refusing to dismiss the indictment. Furthermore, the trial court did not err by allowing the indictment to be amended. Any defense that Spears had before the amendment was granted, including each defense he claims on appeal, was available to him after the amendment was made. Therefore, we see no prejudice to the defense. For those reasons, we affirm Spears's conviction and sentence.

¶28. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.**