919 So.2d 231 (2005)
Yolanda Denise EVANS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-02812-COA.
Court of Appeals of Mississippi.
June 21, 2005.
*232 Edmund J. Phillips, attorney for appellant.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. A Newton County jury found Yolanda Denise Evans guilty of felony shoplifting. For this crime Evans was sentenced to a term of four and one-half years in the custody of the Mississippi Department of Corrections. Aggrieved, Evans appeals and asserts that the trial court erred in overruling her objection to the admissibility of her prior convictions and that the indictment was defective because it failed to charge her with concealing merchandise.
¶ 2. We find no merit in either of the issues presented. However, we notice as plain error the State's failure to present sufficient evidence to the jury to support Evans's conviction for felony shoplifting. Therefore, we reverse and render Evans's conviction and sentence for felony shoplifting but find that the evidence was sufficient to convict her of second offense shoplifting. As a result, we remand for sentencing for second offense shoplifting.

FACTS
¶ 3. William Howell, chief of police for Union, Mississippi, testified that on February 25, 2003, while shopping in the Sunflower Grocery Store in Union, he witnessed Evans pick up several packages of rib eye steaks. Howell testified that Evans then put the meat down on the potato chip rack. Evans then went to another aisle but later came back and picked up the meat from the potato chip rack and went back down the same aisle. Howell followed Evans and witnessed her lift up the back of her jacket and put the packages of rib eye steaks down the back of her pants.
¶ 4. Howell followed Evans to the front of the store, walked up behind her, and asked her what she was doing. Howell testified that Evans told him that she was buying some snuff and that she showed him a handful of change. At that point, Howell told Evans that he saw her put the *233 meat in her pants and that she was under arrest. He then removed the meat from the back of Evans's pants and handed it to a store employee.

ANALYSIS AND DISCUSSION OF THE ISSUES

(1) Admissibility of prior convictions
¶ 5. The admissibility of evidence rests within the discretion of the trial court, and reversal will be appropriate only when an abuse of discretion resulting in prejudice to the accused occurs. Clemons v. State, 732 So.2d 883, 887 (¶ 18) (Miss. 1999).
¶ 6. Evans first argues that the court erred in overruling her objection to the admissibility of her prior convictions. During the cross-examination of Evans, the State asked her if she had been previously convicted of a felony crime. She answered, "yes" and the defense objected. Counsel and the court then retired to chambers for consultations where the following colloquy occurred:
BY THE COURT: Mr. Harris, you object. I will hear from you.
BY MR. HARRIS: Your Honor, we would object to the introduction of evidence by the state regarding prior previous convictions, as the crime for which she was convicted is felony shoplifting, which is completely unrelated circumstances from this crime which she is convicted of. The crime of shoplifting is not a crime of deceit, such as forgery or the other crimes. The rule is such that the State may be able to impeach her credibility as a witness, but rather it is going to the effect of it, if introduced, is to show conformity with prior bad acts. Because of that, we would ask that the evidence should not be admitted. We would state, further, the Defendant has already answered, and we would move for a mistrial, since the Defendant has already answered.
BY THE COURT: Mr. Brooks?
BY MR. BROOKS: Your Honor, we counter that. That this is a shoplifting, felony shoplifting, she was previously convicted of. It is a crime of deceit. It has to do with dishonesty. Therefore, it does go to her credibility as a witness, and once she took the witness stand, she put her credibility in issue, and we should be allowed to bring forward this evidence to show that she has been convicted of a crime of dishonesty and deceit, which shoplifting is.
BY THE COURT: All right. First, we refer to Rule 104(a) to determine whether or not character evidence is admissible, and in the determination of this, it is my finding that it is. Then I must refer to Rule 609(a)(1). First, this is a crime, I believe, that you are referring to that occurred within the last ten years?
BY MR. BROOKS: Yes, sir 1999.
BY THE COURT: Yes, sir, and this Defendant has denied she was attempting to leave the premises without paying for the meat. She having stated that partially it was concealed, by her own testimony, and probably couldn't see it from the front. The Court finds that it is very incredible, that she could put under her arm something like twenty-four pounds of meat. I believe it was testimony that it was nine steaks. What was the weight of those steaks?
BY MR. HARRIS: Your Honor, I believe he testified that it was four *234 pounds of meat, eighteen dollars worth.
BY THE COURT: It's incredible that she could hold that under her armpit. The opinion is this is to impeach her testimony. The probative value outweighs the prejudicial effect.
So, your objection is overruled. Motion for mistrial is overruled.
¶ 7. Following the bench conference, after Evans testified that she had been convicted on burglary and shoplifting, the trial judge, sua sponte, instructed the jury as follows:
First, I am going to instruct the jury. The witness was asked the question has she ever been convicted of a felony, and the Court had no idea what her testimony would be, and she testified that she had two prior felony convictions, one for burglary, one for shoplifting.
This case here is that of shoplifting. I am going to instruct all thirteen jurors to disregard this witness's statement that she had previously been convicted of the crime of burglary.
¶ 8. Evans directs our attention to Peterson v. State, 518 So.2d 632 (Miss.1987) in which the Mississippi Supreme Court held that, before a criminal defendant may be impeached by admission of a prior criminal conviction, a trial court must make an on-the-record ruling that the probative value of the prior conviction outweighs it's prejudicial effect. Evans maintains that the prior shoplifting conviction cannot survive the Peterson balancing test because the most relevant convictions in determining guilt or innocence, those similar to the charge in issue, are the most prejudicial in that the jury may believe that the prior convictions reveal a defendant's propensities.
¶ 9. We decline to discuss Peterson because we resolve this case on the basis of a glaring defect in the State's proof that neither the prosecution nor the defense appeared to be cognizant of during the trial. This defect, along with the applicable case law relating to the elements of the crime of felony shoplifting, makes a discussion of Peterson unnecessary.
¶ 10. Evans was charged with felony shoplifting; therefore, the State was required to prove as a part of its case-in-chief and as an element of the charge that Evans previously had been convicted twice of shoplifting within seven years. Bufkin v. State, 867 So.2d 285, 288 (¶ 15) (Miss.Ct. App.2004); Miss.Code Ann. § 93-23-93(6), (8) (Supp.2004). No such proof was offered. While Evans testified on cross-examination that she had been convicted of shoplifting in 1999, there was no testimony or evidence that Evans had been convicted twice of shoplifting within seven years prior to the offense charged.
¶ 11. We have also reviewed all of the jury instructions that were requested and given and find that the jury was not instructed that before it could find Evans guilty of felony shoplifting, it had to find that she had been convicted on two previous occasions within the last seven years. In fact, not only was the jury not instructed, no such instruction was requested by either the State or the defense. The State and the defense may have believed that a bifurcated trial was necessary to avoid the obvious prejudice which flows from the jury knowing that a defendant, in a case such as this, has been previously convicted of the same offense for which he is on trial.[1] While we cannot know for certain *235 why the State did not attempt to prove, during its case-in-chief, that Evans had been convicted twice previously, in a seven year period, of shoplifting, our case law is clear that the State shouldered such responsibility.
¶ 12. Clearly if the State had offered evidence of Evans's prior felony shoplifting convictions as a part of its case-in-chief, that evidence would have been admissible, not for the purpose of impeaching Evans but for the purpose of proving an essential element of the offense charged. But it is equally clear from the colloquy that occurred during the bench conference that the State sought to have evidence of Evans's prior shoplifting conviction admitted solely for the purpose of impeachment. Nevertheless, we find no error in the admission of the evidence because it was properly admitted although for the wrong reason. Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993).
¶ 13. The next matter which we consider is whether to exercise our option under Rule 28(a)(3) of the Rules of Appellate Procedure to notice as plain error the State's failure to prove to the jury all of the elements of the offense charged. The State, in a footnote in its brief, urges us to ignore this defect in the proof because (1) Evans "did not object to an element instruction which did not contain [Evans's prior felony convictions] as elements," (2) Evans failed to make a motion for a directed verdict premised on lack of proof of an essential element, (3) Evans did not object at sentencing to the introduction of evidence of her prior shoplifting convictions, and (4) Evans has not presented the issue on appeal.
¶ 14. The defendant's failures are not the basis for our determining whether to notice as plain error a matter not brought to the attention of the trial court or an issue not addressed on appeal. We must consider whether a substantial right is involved. If the error affects a fundamental constitutional right, plain error recognition is appropriate. Grubb v. State, 584 So.2d 786, 789 (Miss.1991).
¶ 15. It is not open to reasonable debate that the rightnot to be convicted of an offense unless the State proves beyond a reasonable doubt each and every element of the offense-is a fundamental right anchored in our constitution and the jurisprudence of this state. And respecting fundamental rights, our law is well settled that a plea of guilty does not waive the failure to charge an essential element of the offense. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). By comparison, we see no reason why a defendant's failure to object to the State's failure to prove and present instructions on an essential element of the offense, ought to waive the State's failure to meet its burden. Therefore, we notice as plain error the matter of the insufficiency of the proof of an element of the crime with which Evans was charged and find that the State failed to meet its burden of proof.
¶ 16. The next question is whether the State's failure to meet its burden of proof on a key element of the charge should result in a new trial. The State points out that the requisite proof was offered during the sentencing phase and, citing Sellers v. State, 773 So.2d 350, 354 (Miss.Ct.App. 2000), suggests that, while "such a procedure is unusual and not condoned, a new trial is not warranted." The State urges that Evans's conviction and sentence be affirmed in toto.
¶ 17. We do not find that Sellers provides an adequate juridical basis for accepting the State's suggestion that Evans's conviction and sentence be affirmed in toto. However, as will be explained later in this opinion, we do not believe a new *236 trial is warranted. We first discuss Sellers.
¶ 18. In Sellers, the defendant was charged with and convicted of felony shoplifting. Prior to the commencement of his trial, the defendant moved in limine to prohibit the State from making any reference to his prior convictions because of the harmful prejudicial nature of such information. Id. at 353 (¶ 14). In the motion in limine, the defendant argued that a post-verdict inquiry during sentencing was the proper means of dealing with the matter of his prior shoplifting convictions. The trial court made no formal ruling on the defendant's motion but in fact granted the relief. Id.
¶ 19. When the Sellers defendant prepared his appeal, our supreme court had handed down Weaver v. State, 713 So.2d 860 (Miss.1997) "which affirmed the proposition that, in the analogous situation of third-offense driving while intoxicated, the two prior convictions are elements of the crime itself to be decided by the jury rather than the proper subject for post-verdict inquiry by the trial court as a part of the sentencing process." Sellers, 773 So.2d at 353 (¶ 13). Seizing upon the pronouncement in Weaver that, in felony driving under the influence cases, the predicate prior offenses are an element of the charged offense, the Sellers defendant sought to have the trial court put in error for doing what he had requested in his motion in limine. We declined to allow the defendant to take advantage of an error which he caused. Id. at (¶ 15).
¶ 20. Here, while Evans attempted during the trial to prevent her prior convictions from being admitted, that attempt occurred during her defense, not during the State's case-in-chief. Even then, unlike the Sellers defendant, she failed. Therefore, nothing that Evans did hindered the State in presenting its case.
¶ 21. Returning to the State's suggestion, we, as already noted, do agree that a new trial is not warranted. However, we do not agree that Evan's conviction for felony shoplifting should be affirmed. Felony shoplifting requires proof that the defendant has been twice convicted of shoplifting within a period of seven years. The proof offered was that Evans had been convicted once of shoplifting in 1999. The trial of the instant charge began on December 3, 2003. Therefore, we are constrained to hold that Evans's conviction of felony shoplifting should be reversed and rendered as she was never properly convicted of it. However, we see no reason for not affirming her conviction for the lesser-included offense of second offense shoplifting as this offense was sufficiently proven by Evan's admission that she previously had been convicted of shoplifting in 1999. See Miss.Code Ann. § 97-23-93(5)(b) (Supp.2004) Consequently, we reverse and render Evans's conviction for felony shoplifting, affirm her conviction of the lesser-included offense of second offense shoplifting, and reverse and remand for resentencing as a second offender.

(2) Appellant's indictment was defective
¶ 22. Evans contends that her indictment did not specify which of the five types of actions, specified in section 97-23-93(2) of the Mississippi Code of 1972 as amended, invoked the presumption of intention to convert the merchandise to her use without paying the purchase price. Evans maintains that the indictment was insufficient because it omitted the allegation that she concealed the merchandise and failed to fully notify her of the nature and the cause of the offense charged. Evans maintains that she could have reasonably prepared a defense to any of the other four alternatives specified in section 97-23-93(2).
*237 ¶ 23. The State counters that an indictment is deemed to be sufficient when it, in concise form, gives the defendant notice of the charge. The State cites Carroll v. State, 755 So.2d 483, 487 (¶ 12) (Miss.Ct. App.1999), for the proposition that "[t]he indictment's failure to narrowly focus onto [sic] a particular subsection within the section was not necessary to inform [Evans] of the essential elements of the crime."
¶ 24. URCCC 7.06 provides the required contents of an indictment: the name of the accused; the date on which the indictment was filed in each court; a statement that the prosecution is brought in the name and by the authority of the State of Mississippi; the county and judicial district in which the indictment is brought; the date, and if applicable the time, on which the offense was alleged to be committed; however, failure to state the correct date shall not render the indictment insufficient; the signature of the foreman of the grand jury issuing it; and the words "against the peace and dignity of the state." Further, the rule requires that an indictment provide "a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation against him."
Carroll, 755 So.2d at 487 (¶ 10) (citing Gatlin v. State, 724 So.2d 359 (¶ 32) (Miss. 1998)).
¶ 25. Evans's indictment reads:
Yolanda Denise Evans late of the County aforesaid, on or about the 25th day of February in the year of our Lord, 2003, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously take possession of rib eye steaks offered for sale by Tripe V, Inc., a corporation licensed to do business in Mississippi, doing business as Sunflower Food Store # 9079, with the intention and purpose of converting such merchandise to her own use without paying the stated price therefore, contrary to and in violation of Section 97-23-93, Miss.Code. Ann. (1972).
¶ 26. We find no error in the form of the indictment, and thus, find that the indictment clearly meets the requirements set out in URCCC 7.06. The indictment informed Evans that she was charged with taking the steaks with the intent of converting them to her own use without paying the stated price for them. Evans's defense was that she did not conceal the steaks but only had them under her arm. Based on her chosen defense, it was apparently clear to her that the State was relying upon the provisions of subsection (2)(a) of section 97-23-93 presumptive intent. Neither the State nor Evans offered any evidence tending to show presumptive intent based on any of the other subsections. Therefore, her own defense contradicts the notion that she was not informed of the charge. Accordingly, we find no merit in this argument.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY OF CONVICTION OF FELONY SHOPLIFTING AND SENTENCE OF FOUR AND ONE HALF YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS REVERSED AND RENDERED BUT AFFIRMED ON THE LESSER-INCLUDED OFFENSE OF SECOND OFFENSE SHOPLIFTING AND REMANDED TO THE CIRCUIT COURT FOR RESENTENCING FOR SECOND OFFENSE SHOPLIFTING. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.
*238 KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, BARNES, AND ISHEE, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.
NOTES
[1] Proof of Evans's prior shoplifting convictions was offered without objection during the sentencing phase.