FAIR, J.,
for the Court:
¶ 1. Roderick Shields contends his 2002 conviction for forcible rape must be set aside because his indictment cited the wrong subsection of the rape statute. Shields’s post-conviction relief (PCR) claim is time-barred, and, at any rate, the citation was correct when he was indicted; the statute was rearranged in 2003. We find no merit to this or any other issues raised by Shields, and so we affirm the circuit court’s dismissal of his PCR motion.
FACTS
¶ 2. Shields was indicted on April 23, 2002, by a Washington County grand jury. The first line of the document, resembling a header or heading, appears as follows:

INDICTMENT FORCIBLE RAPE 97-3-65(3) (A)

The body of the indictment alleged that Shields “did unlawfully, wilfully, felo-niously and forcibly rape and ravish [the victim], a female person over the age of fourteen years, by having sexual intercourse with [her] against her will and without her consent.”
¶ 3. Shields entered a guilty plea. The circuit court found that he knowingly and voluntarily entered his “plea of GUILTY to the charge of FORCIBLE RAPE.” On September 24, 2002, the court sentenced Shields to serve fifteen years in prison, followed by five years of post-release supervision.
¶ 4. Ten years later Shields filed the instant PCR motion, contending the code section referenced in his indictment provides only for a maximum sentence of five years and is applicable only to those convicted of statutory rape, where the victim is over thirteen years of age and the perpetrator is between eighteen and twenty-one (and thirty-six or more months older than the victim). See Miss.Code Ann. § 97-3-65(3)(a) (Supp.2013).
¶ 5. Shields also claimed he was illegally sentenced to post-release supervision under Mississippi Code Annotated section 47-7-34 (Rev.2011), because he believes it applies only to previously convicted felons.
*162 ¶ 6. The circuit court found Shields’s PCR motion time-barred because it was not filed within the three-year limitation period. It further noted that the objections Shields now raises about his indictment were waived by his guilty plea. The court also found that, notwithstanding the time-bar, Shields’s claims were without merit. Shields’s motion was dismissed without an evidentiary hearing, and he appeals.
STANDARD OF REVIEW
¶ 7. The circuit court may summarily dismiss a PCR motion without an evi-dentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2013). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999).
¶ 8. When reviewing the denial of a PCR motion, an appellate court “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. Young, 731 So.2d at 1122 (¶ 9).
DISCUSSION
1. Indictment
¶ 9. As a threshold issue, we note that this claim is barred by the three-year statute of limitations for PCR claims. Miss. Code Ann. § 99-39-5(2) (Supp.2013). Shields filed his PCR motion in 2012, while his conviction for rape was in 2002. There are exceptions to the time-bar enumerated in the statute, but Shields has not claimed one applies. See Miss.Code Ann. § 99-39-5(2)(a)-(b). The burden is on the movant to show that his claim is not procedurally barred. Jackson v. State, 860 So.2d 653, 661 (¶ 16) (Miss.2003).
¶ 10. Notwithstanding the time-bar, this claim is without merit. In 2003, Mississippi Code Annotated section 97-3-65 was amended and rearranged. We addressed this same argument in Davis v. State, 29 So.3d 788, 790-91 (¶¶ 7-8) (Miss.Ct.App.2009), where we observed:
The notes to section 97-3-65 explain that on June 3, 2003, the Joint Legislative Committee corrected a typographical error in this section by changing section 97 — 3—65(1) (c) to section 97-3-65(2) and renumbering the remaining paragraphs accordingly. Rape, which was previously numbered section 97-3-65(3)(a), was moved to section 97-3-65(4)(a) after the correction. Thus, Davis was correctly indicted for rape in 2001 under section 97 — 3—65(3)(a), which is now located at Mississippi Code Annotated section 97-3-65(4)(a) (Supp.2008).
¶ 11. Shields was indicted in 2002, and his indictment pointed to the correct subsection of the statute as it existed at the time. The fact that the statute was rearranged more than six months after Shields pled guilty caused him no injury and is not grounds for relief.
¶ 12. Additionally, it is well established that “[t]he incorrect citation of a statute number does not alone render an indictment defective, but rather is ‘mere surplusage’ and not prejudicial to the defendant.” Brown v. State, 944 So.2d 103, 106 (¶ 8) (Miss.Ct.App.2006) (quoting Evans v. State, 916 So.2d 550, 552 (¶ 6) (Miss.Ct.App.2005)). “When an indictment provides the essential elements of the crime, the statutory subsection under which the defendant was charged need not be specified.” Evans, 916 So.2d at 552 (¶ 6) (citation omitted); see also URCCC 7.06 (outlining requirements of a valid indictment).
*163 ¶ 13. This issue is time-barred and without merit.
2. Post-Release Supervision
¶ 14. Shields was sentenced to twenty years, with fifteen to serve, “followed by five years [p]ost-[r]elease [supervision pursuant to Miss.Code Ann. § 47-7-34.” Shields contends he was illegally sentenced under section 47-7-34 because he was a first-time offender.
¶ 15. It is true that post-release supervision under section 47-7-34, unlike probation under section 47-7-33,[1] may be applied to previously convicted felons. See Tucker v. State, 93 So.3d 913, 916 (¶ 14) (Miss.Ct.App.2012). However, that does not mean section 47-7-34 may only be applied to previously convicted felons. The plain language of the statute permits the imposition of post-release supervision “[w]hen a court imposes a sentence upon a conviction for any felony committed after June 30, 1995 .... ” (Emphasis added).
¶ 16. Shields was subject to being sentenced to post-release supervision for his 2002 sentence for rape, a felony. His sentence was not illegal.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
LEE, C. J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.

. Miss.Code Ann. § 47-7-33 (Rev.2011).