# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-KA-00797-SCT

*STATE OF MISSISSIPPI*

*v.*

*HATTIE HAWKINS a/k/a HATTIE M. HAWKINS*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/03/2013 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY, JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF THE ATTORNEY GENERAL BY: PATRICK JOSEPH MCNAMARA, JR. |
| ATTORNEY FOR APPELLEE: | MICHAEL R. BONNER |
| DISTRICT ATTORNEY: | RICHARD EARL SMITH, JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 08/14/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     The trial court sustained the defendant's demurrer to the indictment, dismissing the case against Hattie Hawkins. The State appealed. We hold that the indictment was sufficient and that the trial judge erred by granting the demurrer.

## Facts and Procedural History

¶2.     Hattie Hawkins was a nursing assistant at Heritage House Nursing Center in Vicksburg. Deserie Edwards, a resident at Heritage House, suffered injuries while under Hawkins's care. An investigation revealed that Hawkins had lifted Edwards by herself, knowing that two people were required to lift Edwards. Hawkins then improperly placed

Edwards into a lift/sling and left her unattended. Edwards fell from the sling and suffered injuries, but Hawkins did not call for assistance. Hawkins was indicted for simple assault of a vulnerable person. Several days before trial, defense counsel demurred to the indictment on the grounds that it did not comport with Mississippi Code Section 97-3-7(1) and was an improper statement of the law. The circuit court dismissed the case saying the indictment failed to state a cause of action against the defendant. The State filed a motion to reconsider, which was denied. The State appealed.

**Discussion**

¶3. The issue is whether the indictment was sufficient on its face such that the trial judge erred by sustaining the demurrer to the indictment. Whether the trial court erred in sustaining a demurrer to an indictment is a question of law. *See **State v. May***, 208 Miss. 862, 45 So. 2d 728, 728 (1950). Therefore, the standard of review is de novo. ***Tapper v. State***, 47 So. 3d 95, 100 (¶ 17) (Miss. 2010) ("whether an indictment is defective is an issue of law and therefore deserves a relatively broad standard of review, or de novo review") (citations omitted).

¶4. Hawkins was indicted for simple assault of a vulnerable person under Mississippi Code Section 97-3-7(1). The indictment read:

> HATTIE M. HAWKINS on or about the 23rd day of June, 2010 . . . commit[ed] the offense of Simple Assault of a Vulnerable Person in that Hattie M. Hawkins, while employed as a Certified Nursing Assistant at Heritage House Nursing Center, did willfully, negligently[,] and feloniously inflict pain and/or injury upon Deserie S. Edwards, a vulnerable person as defined by § 43-47-5(n), in that Deserie S. Edwards was a resident of Heritage House Nursing Center; to wit: Hattie M. Hawkins, while knowingly engaged in improper lifting procedures, being aware that the victim required two persons to be moved from her bed, acted alone in knowingly placing the victim in a

2

lift/sling improperly, and then allowed the victim to fall from the lift/sling to the floor by leaving the victim unattended causing multiple serious injuries, and then failed to inform appropriate staff or seek out medical treatment for the injuries inflicted upon Deserie S. Edwards. This act being in violation of § 97-3-7(1), Miss. Code Ann. (1972, as amended), contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

The simple assault statute, Mississippi Code Section 97-3-7(1), referenced in the indictment, provides:

> (a) A person is guilty of simple assault if he (i) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; (ii) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (iii) attempts by physical menace to put another in fear of imminent serious bodily harm; and, upon conviction, he shall be punished by a fine of not more than Five Hundred Dollars ($500.00) or by imprisonment in the county jail for not more than six (6) months, or both.
>
> (b) However, a person convicted of simple assault . . . (iii) upon a person who is sixty-five (65) years of age or older or a person who is a vulnerable adult, as defined in Section 43-47-5, shall be punished by a fine of not more than One Thousand Dollars ($1,000.00) or by imprisonment for not more than five (5) years, or both.

Miss. Code Ann. § 97-3-7(1) (Supp. 2013). Under Section 43-47-5, a "vulnerable person" includes "all residents or patients, regardless of age, in a care facility." Miss. Code Ann. § 43-47-5(q) (Supp. 2013) (previously subsection (n), as referenced in the indictment). It is undisputed that Edwards was a resident in a care facility, thus, she was a vulnerable person under Section 43-47-5(q), and Hawkins would have been subject to the more severe sanctions of Section 97-3-7(1)(b).

¶5. Hawkins takes issue with the part of the indictment that says Hawkins "willfully, negligently[,] and feloniously" injured Edwards, claiming that the indictment does not track the language of the statute because Mississippi Code Section 97-3-7(1)(a)(i) requires that one

3

"purposely, knowingly[,] or recklessly" caused bodily injury to another. Hawkins also asserts that there are no negligent felonies. The State responds that the indictment was brought under subsection (ii) of the statute, which provides that one "negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm." The State maintains that the indictment followed the language of the statute, complied with Rule 7.06 of the Uniform Rules of Circuit and County Court Practice, and gave Hawkins notice of the charge against her.

**A. Sufficiency of the Indictment under Rule 7.06**

¶6. Rule 7.06 of the Uniform Rules of Circuit and County Court Practice discusses indictments and enumerates seven items that must be included in every indictment:

> The indictment upon which the defendant is to be tried shall be a plain, concise[,] and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them. An indictment shall also include the following:
>
> 1. The name of the accused;
> 2. The date on which the indictment was filed in court;
> 3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
> 4. The county and judicial district in which the indictment is brought;
> 5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;
> 6. The signature of the foreman of the grand jury issuing it; and
> 7. The words "against the peace and dignity of the state."
>
> The court on motion of the defendant may strike from the indictment any surplusage including unnecessary allegations or aliases.

URCCC 7.06. Each item listed in Rule 7.06 is included in the indictment at issue, therefore, there is no error as to the form of the indictment. *See Carroll v. State*, 755 So. 2d 483, 487 (¶11) (Miss. Ct. App. 1999) (where all of the requisites of Rule 7.06 were included in the indictment, court held there was "no error as to form").

¶7. Rule 7.06 also requires that indictments provide "a plain, concise[,] and definite written statement of the essential facts constituting the offense charged" and "fully notify the defendant of the nature and cause of the accusation" against him. URCCC 7.06. *See Farris v. State*, 764 So. 2d 411, 421 (¶ 28) (Miss. 2000); *Gatlin v. State*, 724 So. 2d 359 (¶ 32) (Miss. 1998). The indictment against Hawkins included the "essential facts constituting the offense charged" as it described what actions Hawkins took that led to Edwards's injuries. The indictment also clearly stated that Hawkins was charged with simple assault of a vulnerable person under Mississippi Code Section 97-3-7(1). The indictment was sufficient to fully notify Hawkins of the "nature and cause of the accusation" against her.

¶8. The language used in the indictment, however, does not track the language of Section 97-3-7(1). "The rule in this state is that an indictment which states the statutory language is generally sufficient to inform the accused of the charge against him." *King v. State*, 580 So. 2d 1182, 1185 (Miss. 1991) (quoting *Cantrell v. State*, 507 So. 2d 325, 329 (Miss. 1987)). Although use of the statutory language is generally sufficient, using the exact language from the statute is not necessary if the words used have substantially the same meaning and the indictment is specific enough to give the defendant notice of the charge against her. *See Madere v. State*, 794 So. 2d 200, 212 (¶ 33) (Miss. 2001); *Ousley v. State*, 154 Miss. 451, 122 So. 731, 732 (Miss. 1929). As set forth above, Rule 7.06 provides that "[f]ormal or

5

technical words are not necessary in an indictment, if the offense can be substantially described without them." URCCC 7.06. Discussing that rule, the Court has held:

> The rule pretermits any requirement that the indictment include the exact or formal wording of the statute under which the accused is charged. Certainly, the indictment need not (though it may) charge in the exact language of the statute said to have been offended. If from a reading of the indictment as a whole the accused is in fact given fair notice of that with which he has been charged, the indictment is legally sufficient. Applying the above rules of law to the facts, in this instance the form and content of the indictment, there can be no serious question but that the indictment is legally sufficient. . . .

*Harbin v. State*, 478 So. 2d 796, 799 (Miss. 1985) (citations omitted).

¶9. The Court has held repeatedly that, "[s]o long as a fair reading of the indictment, taken as a whole, clearly describes the nature and cause of the charge against the accused, the indictment is legally sufficient." *Berry v. State*, 996 So. 2d 782, 787 (¶ 24) (Miss. 2008) (citing *Farris v. State*, 764 So. 2d 411, 421 (¶ 28) (Miss. 2000)). The Court also has held repeatedly that "the ultimate test, when considering the validity of an indictment on appeal, is whether the defendant was prejudiced in the preparation of his defense." *Jones v. State*, 856 So. 2d 285, 289 (¶ 11) (Miss. 2003) (quoting *Medina v. State*, 688 So. 2d 727, 730 (Miss. 1996)). Taken as a whole, the indictment provided a clear description of the charges from which Hawkins could prepare her defense.

### B. Terms Used in the Indictment

¶10. The indictment charged Hawkins with simple assault of a vulnerable person, set out the facts giving rise to the charge, and gave the code section. However, it charged Hawkins with "willfully, negligently[,] and feloniously" injuring Edwards. Comparing the indictment to the simple assault statute, it is not clear if Hawkins was charged under subsection (i) with

6

"purposely, knowingly[,] or recklessly" injuring Edwards or under subsection (ii) with "negligently" injuring Edwards, presumably by means other than a deadly weapon. We do not dispute that the indictment was drafted inartfully, but we have held that "inartfully drafted" indictments were sufficient where the charge against the defendant was clear. ***Harrison v. State***, 722 So. 2d 681, 686-87 (¶¶ 20-22) (Miss. 1998); ***Henderson v. State***, 445 So. 2d 1364, 1368 (Miss. 1984).

¶11.    The defense takes issue with the indictment's charge that Hawkins "willfully, negligently[,] and feloniously" injured Edwards. First, the Court has held that the inclusion of the word "feloniously" in an indictment for simple assault, although the statute does not include the word, does not render the indictment defective. ***Reining v. State***, 606 So. 2d 1098, 1103 (Miss. 1992). The crime for which Hawkins is charged, simple assault of a vulnerable person, is in fact a felony.

¶12.    Second, use of the term "willfully" indicates that the charge was brought under subsection (a)(i), that Hawkins "purposely, knowingly[,] or recklessly" caused bodily injury to another. The Court has held that terms "willfully" and "knowingly" have substantially the same meaning in criminal statutes. ***Ousley***, 122 So. at 732 (indictment was sufficient even though it used the words "willfully, unlawfully[,] and feloniously" rather than "knowingly" as used in the statute). *See also* ***Boyd v. State***, 977 So. 2d 329, 335 (¶ 22) (Miss. 2008) ("An act 'willfully' done is an act 'knowingly' and 'intentionally' done."); ***Moore v. State***, 676 So. 2d 244, 246 (Miss. 1996) ("willfully" has the same meaning as "knowingly"). Relying on ***Ousley***, the Court of Appeals held that the terms "wilfully and feloniously" had substantially the same meaning as "purposely or knowingly" when ruling on the sufficiency of a jury

7

instruction for aggravated assault. ***Davis v. State***, 909 So. 2d 749, 752-53 (¶ 13) (Miss. Ct. App. 2005).

¶13.   The State, however, did not argue that it brought the charge under subsection (a)(i). In fact, the State did not address the word "willfully" in its brief.  It did, however, assert that the term "knowingly," which appears later in the indictment, was meant to "give[] Hawkins the clear understanding that as a trained certified nursing assistant, proof would be made at trial that she was fully aware of the proper ways to have taken care of the victim."  The State argued that it brought the indictment under subsection (a)(ii), which provides that one "negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm."  Miss. Code Ann. § 97-3-7(1)(a)(ii).  Because of the word "or" following "deadly weapon," the State maintains that a deadly weapon is not required under subsection (ii), and that Hawkins's conduct falls under the "other means likely to produce death or serious bodily harm" portion.

¶14.   Although the State did not explain how inclusion of the word "willfully" affects its charge under subsection (a)(ii), the Court has held that "willfully" can be considered surplusage where the actions clearly show negligence.  *See* ***Gray v. State***, 427 So. 2d 1363, 1367 (Miss. 1983) (citing ***Yazzie v. State***, 366 So. 2d 240 (Miss. 1979), in which the Court held that the word "willful" was surplusage in an indictment for manslaughter by culpable negligence).[1]  *See also* ***Miss. Power & Light Co. v. Sumner Gin Co.***, 156 Miss. 830, 127 So.

---

[1] ***Yazzie v. State*** was overruled to the extent it conflicted with ***State v. Buckhalter***, although the Court held that the cases did not actually conflict.  ***State v. Buckhalter***, 119 So. 3d 1015, 1018-19 (¶¶ 11-13) (Miss. 2013).

284, 286 (1930) ("[W]here a declaration charges gross or willful negligence, and the evidence shows simple negligence, there is no variance, as the charge of willfulness is regarded as surplusage."); *Alabama & Vicksburg Ry. Co. v. Hanes*, 69 Miss. 160, 13 So. 246, 247 (1891) ("[I]f negligence is sufficiently averred, further allegations that the negligence was willful may be treated as mere surplusage.").

¶15.    In the instant case, the indictment clearly charged Hawkins with simple assault. The recitation of the relevant facts showed that Hawkins's conduct was negligent. Therefore, the word "willfully" in the indictment was surplusage. Comparing the indictment to the statute, Hawkins could have determined that the charge was based on her negligence, and she should have been able to prepare her defense adequately.

### C. Mutually Exclusive Subsections

¶16.    Although the State argued that the indictment was brought under subsection (ii), we hold that the subsections are not mutually exclusive, and the State is not required to distinguish the subsections in every indictment so long as the indictment is sufficient to inform the defendant of the claims against him or her. Under Section 97-3-7, one can be charged with simple assault under 97-3-7(1) or aggravated assault under 97-3-7(2). Simple assault and aggravated assault are different crimes with different elements and different punishments. The distinction between simple and aggravated assault in an indictment has been the subject of numerous cases, but even in those cases, where the indictment used terms from both the simple assault and aggravated assault subsections, the indictments were not

9

rendered defective.[2] If an indictment is not rendered insufficient where it intermingles terms from both the simple and aggravated assault sections, we decline to find that an indictment is insufficient where it intermingles terms from subsections under simple assault only.

¶17.    One can be found guilty of simple assault in several situations: if he or she "(i) attempts to cause or purposely, knowingly[,] or recklessly causes bodily injury to another; (ii) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (iii) attempts by physical menace to put another in fear of imminent serious bodily harm[.]"  Miss. Code Ann. § 97-3-7(1)(a) (Supp. 2013). Then, if the victim of any of the above actions is listed in subsection (b), the punishment may be increased.  We hold that the three subsections delineating how one can be found guilty of simple assault are not mutually exclusive.

¶18.    The Court has held that the subsections under *aggravated* assault are not mutually exclusive.  ***Stevens v. State***, 808 So. 2d 908, 920 (¶ 35) (Miss. 2002).  And the same is true for the subsections of *simple* assault, found in the same statute.  In ***Stevens***, the Court wrote:

> Stevens also complains that the indictment should have been dismissed because it did not enumerate the elements of aggravated assault. Stevens argues that without having been informed of the elements of aggravated assault which the State sought to prove at trial, he was unable to adequately prepare

---

[2] In assault cases, the Court and the Court of Appeals have held that indictments were not defective even where words from both the simple and aggravated assault subsections were used. *See **Anthony v. State***, 349 So. 2d 1066, 1067 (Miss. 1977) (defendant need only compare the indictment with the statute to know he was charged with aggravated assault rather than simple assault); ***Toliver v. State***, 337 So. 2d 1274, 1276 (Miss. 1976) (it was clear that defendant was charged only with simple assault, even though indictment included language from both simple and aggravated assault subsections). *See also **Johnson v. State***, 910 So. 2d 1174, 1179 (¶ 16) (Miss. Ct. App. 2005) (indictment that used "phraseology from both subsections" was not defective).

his defense. Miss[issippi] Code [Section] 97-3-7(2) (2000), the aggravated assault statute, provides in pertinent part:

> (2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; . . . .

This Court noted in ***Ward v. State***, 479 So. 2d 713, 715 (Miss. 1985), that this statute may be used to cover "varying factual situations of considerable latitude." The indictment did not contain a reference to the above statute. However, this Court has stated that aggravated assault has an easily ascertainable statutory definition, and the label "aggravated assault" gives a defendant reasonable notice of what he is charged with even without the code section number. ***Harbin v. State***, 478 So. 2d 796, 798 ([Miss.] 1985) (citing ***Jones v. State***, 461 So. 2d 686, 692-94 (Miss. 1984)). Stevens does not complain of the failure of the indictment to reference § 97-3-7, but takes issue only with the indictment's failure to specify the particular subsection, (2)(a) or (2)(b).

Because Stevens was charged not under a specific single subsection of § 97-3-7(2), it necessarily follows that he was charged under both subsections comprising that section. Stevens was therefore put on notice that he was being charged with aggravated assault under both subsections, i.e., by causing injury under circumstances manifesting extreme indifference to the value of human life and by causing bodily injury with a deadly weapon or other means likely to produce death or serious bodily harm.

***Stevens***, 808 So. 2d at 919-20 (¶¶ 35-36). The Court of Appeals, applying ***Stevens***, reached

the same conclusion in ***Johnson v. State***:

> We find that Johnson's actions plainly, clearly, and obviously would qualify as aggravated assault under either subsection (a) or (b) [now 97-3-7(2)(a)(i) and (ii)] of Mississippi Code Annotated § 97-3-7(2), because he (1) used a deadly weapon and (2) caused serious bodily injury through recklessness, manifesting an extreme indifference to human life. Yet, even if there was some doubt about the particular subsection of Mississippi Code Annotated § 97-3-7(2) that was intended to be covered by the indictment, we note that our [S]upreme [C]ourt has held that Mississippi Code Annotated § 97-3-7(2) may

11

be read to cover a "considerable latitude" of varying factual situations. *Stevens v. State*, 808 So. 2d 908, 920 (¶ 35) (Miss. 2002). The *Stevens* [C]ourt also held that one may be simultaneously charged under both subsections of Mississippi Code Annotated § 97-3-7(2); thus, the two subsections are not mutually exclusive. *Stevens*, 808 So. 2d at 920 (¶ 36). The *Stevens* case supports the finding we alluded to above, namely that the blending of the subsections of this particular statute is not necessarily a defect and in this case does not warrant reversal. *See also Stegall v. State*, 765 So. 2d 606, 614 (¶ 23) (Miss. Ct. App. 2000) (Irving, J., concurring).

*Johnson v. State*, 910 So. 2d 1174, 1179-80 (¶ 20) (Miss. Ct. App. 2005).

¶19. In *Harris v. State*, another aggravated assault case, the indictment charged that Harris did "recklessly attempt to cause serious bodily injury" to a police officer. *Harris v. State*, 642 So. 2d 1325, 1327 (Miss. 1994). Discussing the sufficiency of the indictment, the Court wrote:

> As can be readily seen, one violates the statute by simply attempting to cause serious bodily injury. One also violates the statute when one causes serious bodily injury either intentionally or "recklessly under circumstances manifesting extreme indifference to the value of human life." The indictment mixes the concept of attempt which . . . embraces the element of intent, with the concept of actually causing injury through recklessness, which requires no specific intent. The indictment goes on to specify the exact conduct charged and, therefore, standing alone, is salvageable.

*Id.* Like the indictment in *Harris*, the indictment at issue mixes the concept of willfulness, or intent, with negligence. However, the indictment clearly charges Hawkins with simple assault of a vulnerable person and specifies the exact conduct charged. The indictment against Hawkins is "salvageable."

¶20. The courts have also held that "the incorrect citation of a statute number does not alone render an indictment defective, but rather is 'mere surplusage' and not prejudicial to a defendant." *Shields v. State*, 130 So. 3d 160, 162 (¶ 12) (Miss. Ct. App. 2014) (quoting

12

*Brown v. State*, 944 So. 2d 103, 106 (¶ 8) (Miss. Ct. App. 2006)). *See also Culp v. State*, 933 So. 2d 264, 277 (¶¶ 40-41) (Miss. 2005) (defendant not prejudiced by citation to wrong subsection); *White v. State*, 169 Miss. 332, 153 So. 387, 388 (1934) (reference to incorrect statute "was mere surplusage in the indictment" and did not prejudice the defendant). In fact, the Court has held that citing the code section under which the charge is brought is not an absolute requirement, although it is recommended. *See Winters v. State*, 52 So. 3d 1172, 1175 (Miss. 2010). *See also Culp*, 933 So. 2d at 277 (¶ 40) (indictment not required to include citation to specific statute, but should include enough facts to put the defendant "on notice as to the statute that is alleged to have been violated"); *Martin v. State*, 501 So. 2d 1124, 1126 (Miss. 1987) ("while it is not always necessary to recite the statute number under which a defendant is being indicted, the better practice is to include it").[3]

¶21.    In addition, the Court of Appeals has held that it is not necessary for the indictment to specify a particular subsection of a statute where the subsections provide several variations of the crime. *See Shields*, 130 So. 3d at 162 (¶ 12) (quoting *Evans v. State*, 916 So. 2d 550, 552 (¶ 6) (Miss. Ct. App. 2005)) ("When an indictment provides the essential elements of the crime, the statutory subsection under which the defendant was charged need not be specified."); *White v. State*, 958 So. 2d 241, 244 (¶ 10) (Miss. Ct. App. 2007) (same); *Brown*, 944 So. 2d at 106 (¶ 8) (same); *Evans v. State*, 919 So. 2d 231, 236-37 (¶¶ 22-26)

---

[3] There are exceptions to the general rule, for instance, in an indictment for capital murder "the underlying felony that elevates the crime to capital murder must be identified in the indictment along with the section and subsection of the statute under which the defendant is being charged." *Goff v. State*, 14 So. 3d 625, 665 (Miss. 2009) (citing *Bennett v. State*, 933 So. 2d 930, 952 (Miss. 2006); Miss. Code Ann. § 99-17-20).

13

(Miss. Ct. App. 2005) (no error in form of indictment for shoplifting where it did not specify with which of the five types of actions, set forth in five subsections under Section 97-23-93(2), she was charged); *Stewart v. State*, 839 So. 2d 535, 538 (¶ 12) (Miss. Ct. App. 2002) (indictment for burglary was sufficient to provide notice "of the nature of the charge against him and out of what transaction or occurrence it arose despite its failure to note a particular subsection"); *Carroll v. State*, 755 So. 2d 483, 487 (¶ 11) (Miss. Ct. App. 1999) ("The indictment's failure to narrowly focus onto a particular subsection within the section was not necessary to inform Carroll of the essential elements of the crime.").

¶22.    If including the code section is not required, as the Court has held, we cannot hold that an indictment must identify the specific *subsection*. We agree with the previous cases from the Court of Appeals that citing a specific subsection is not required. Further, the Court has held that subsections of aggravated assault are not mutually exclusive, and we hold that the same logic applies to the subsections of simple assault. While the language used in the indictment could have been cleaner, the State is not required to distinguish the subsection under which it brings the charges because the subsections are not mutually exclusive.

**Conclusion**

¶23.    The question is not whether Hawkins would have been convicted of the crime as stated in the indictment. The question is whether the indictment gave Hawkins a sufficient description of the charges against her so that she could adequately prepare her defense. *See Jones*, 856 So. 2d at 289 (¶ 11). The indictment clearly charged Hawkins with simple assault of a vulnerable person, provided the code section for simple assault, recited the relevant facts underlying the charge, and included all of the requirements of Rule 7.06. Therefore, we hold

14

that the indictment was sufficient for Hawkins to adequately prepared her defense.  Further, the subsections of simple assault are not mutually exclusive and the State was not required to identify which subsection was at issue.  The trial court's grant of Hawkins's demurrer to the indictment is reversed, and the case is remanded for further proceedings consistent with this opinion.

¶24.    **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, AND PIERCE, JJ., CONCUR. KING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**