# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00799-COA

CHARLES DYE A/K/A CHARLES EDWARD DYE          APPELLANT

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/12/2017 |
| TRIAL JUDGE: | HON. JON MARK WEATHERS |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHARLES DYE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN HAVRILLA MCCLINTON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 07/17/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.    A Forrest County grand jury indicted Charles Dye for sexual battery under Mississippi Code Annotated section 97-3-95(1)(d) (Rev. 2006).  The indictment alleged that

> in Forrest County, between on or about May 1, 2013, and August 11, 2013, [Dye] did willfully, purposely, unlawfully, and feloniously commit Sexual Battery upon [H.B.], a child who was at the time in question under the age of 14 years, and [Dye] was at the time 24 months older than [H.B.], by engaging in the act of sexual penetration, to wit vaginal sexual intercourse . . . .

Dye later pled guilty, and the circuit court accepted his plea and sentenced him to serve thirty years in the custody of the Department of Corrections, with fifteen years suspended, fifteen years to serve, and five years of post-release supervision.

¶2.    Four months after he pled guilty, Dye filed a motion for post-conviction relief (PCR). His motion asserted one claim: that his indictment was "fatally defective for failing to charge and contain all the essential elements of sexual battery pursuant to [section] 97-3-95(1)(d)." Specifically, Dye claimed that the indictment was defective because it did not allege the victim's specific age or birth date or Dye's specific age or birth date. The circuit court summarily dismissed Dye's motion as without merit. Dye then appealed.

¶3.    "The rule in this state is that an indictment which states the statutory language is generally sufficient to inform the accused of the charge against him." *State v. Hawkins*, 145 So. 3d 636, 639-40 (¶8) (Miss. 2014) (quoting *King v. State*, 580 So. 2d 1182, 1185 (Miss. 1991)). "The [Supreme] Court has held repeatedly that, so long as a fair reading of the indictment, taken as a whole, clearly describes the nature and cause of the charge against the accused, the indictment is legally sufficient." *Id.* at 640 (¶9) (quotation marks, alterations omitted). Here, Dye's indictment specifically cited the statute under which he was indicted, Mississippi Code Annotated § 97-3-95(1)(d), and tracked the language of the statute. Consistent with the statute, the indictment alleged that the victim was under the age of fourteen and that Dye was at least twenty-four months older than her at the time of the offense.[1] There is no requirement that an indictment provide the victim's or defendant's exact age or birth date. Dye's indictment sufficiently informed him of the nature of the charge, and the circuit court correctly dismissed his PCR motion as without merit.

---

[1] Dye was twenty-five years old at the time of the offense.

¶4.     **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**